## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) ) | No. 09 C 5314 |
| v. | ) ) | |
| WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B. ROLLINS, EMILY SCOTT and THOMAS J. TISCH, | ) ) ) ) ) ) | Judge Ronald A. Guzmán |
| Defendants, | ) ) ) | |
| and | ) ) | |
| SEARS HOLDINGS CORPORATION, | ) ) | |
| Nominal Defendant. | ) | |

### MEMORANDUM OPINION AND ORDER

Plaintiffs Robert Booth Trust and Ronald Gross have sued defendants on behalf of nominal defendant Sears Holding Corporation ("Sears") for their alleged violation of section 8 of the Clayton Act, 15 U.S.C.§ 19, and breach of fiduciary duty. The individual defendants and Sears have filed Federal Rule of Civil Procedure ("Rule") 12(b)(6) motions to dismiss the Clayton Act claims. For the reasons set forth below, the Court denies the motions.

**Facts**

On March 24, 2005, Kmart Corporation and Sears, Roebuck and Co. merged, creating nominal defendant Sears. (Am. Compl. ¶ 6.) Non-parties Jones Apparel Group, Inc., a clothing and accessories retailer, AutoZone, Inc., an auto parts retailer, and AutoNation, Inc., a provider of auto repairs and services, are competitors of Sears. (*Id.* ¶¶ 2, 23-35, 38-44, 47-50.)

Plaintiffs have owned stock in Sears since 2008, when the Sears Board was comprised of the eight individual defendants: William C. Crowley, Edward S. Lampert, Steven T. Mnuchin, Richard C. Perry, Ann. N. Reese, Kevin B. Rollins, Emily Scott and Thomas J. Tisch. (*Id.* ¶¶ 5-6.)

Lampert has been a Sears Board member since March 24, 2005 and is now Board Chairman. (*Id.* ¶ 8.) He is also the owner, Chief Executive Officer ("CEO") and Board Chairman of ESL, which owns 54.1 percent of Sears, 45 percent of AutoNation and 43.67 percent of AutoZone. (*Id.*)

Crowley has been a member of the Sears Board since March 24, 2005, a member of the AutoNation Board since 2002 and a member of the AutoZone Board since August 18, 2008. (*Id.* ¶ 7.) He is also President and Chief Operating Officer of ESL. (*Id.*)

Mnuchin has been a Sears Board member since March 24, 2005 and is Chairman of its Nominating and Corporate Governance Committee. (*Id.* ¶ 9.)

Perry no longer serves on the Sears Board but was a member of the Board and its Nominating and Corporate Governance Committee from 2006 through May 4, 2009. (*Id.* ¶ 10.)

Reese has been a Sears Board member since March 24, 2005 and has been a member of the Jones Apparel Board since 2003. (*Id.* ¶ 14.)

Rollins, Scott and Tisch have been Sears Board members since February 20, 2008, May 4, 2007, and March 24, 2005, respectively. (*Id.* ¶¶ 11-13.)

In late 2008 or early 2009, defendants nominated Reese and Crowley, among others, to serve another term as Sears Board members and recommended that the shareholders re-elect them. (*Id.* ¶¶ 53-59.) At Sears' May 4, 2009 annual meeting, the shareholders did just that. (*Id.* ¶ 60.) Plaintiff contends that defendants' 2009 actions with respect to Reese and Crowley violated the Clayton Act.

## Discussion

On a Rule 12(b)(6) motion to dismiss, the Court accepts as true all well-pleaded factual allegations of the complaint, drawing all reasonable inferences in plaintiff's favor. *Hecker v. Deere & Co.*, 556 F.3d 575, 580 (7th Cir. 2009). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations" but must contain "enough facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The amended complaint in this derivative suit must comply with Rule 23.1, which requires plaintiffs to describe " with particularity" the attempts they made to obtain the desired action from the corporation's directors or shareholders ("pre-suit demand") or the reasons they failed to do so. Fed. R. Civ. P. 23.1(b)(3). Plaintiffs allege that they did not make a pre-suit demand because doing so would have been futile. (*See* Am. Compl. ¶¶ 63-67.) Defendants say plaintiffs have not sufficiently alleged futility, and thus, their suit must be dismissed.

Whether pre-suit demand is futile, the parties agree, is governed by Delaware law. (*See* Individual Defs.' Mem. Supp. Mot. Dismiss at 1-3; Sears' Mot. Dismiss at 3; Pl.'s Mem. Law Opp'n Mot. Dismiss at 7.) Under Delaware law, such demand is excused only when "a plaintiff has alleged specific facts with particularity, which, taken as true, support a reasonable doubt that the challenged

transaction was the product of a valid exercise of business judgment." *Aronson v. Lewis*, 473 A.2d 805, 815 (Del. 1984), *overruled on other grounds*, *Brehm v. Eisner*, 746 A.2d 244, 254 (Del. 2000); *see Brehm*, 746 A.2d at 256. The business judgment rule protects director actions unless the directors "do not act in good faith, act in a manner that cannot be attributed to a rational business purpose or reach their decision by a grossly negligent process that includes the failure to consider all material facts reasonably available." *Brehm*, 746 A.2d at 264 n.66. A director who "acts with the intent to violate applicable positive law," is not acting in good faith. *In re Walt Disney Co. Deriv. Litig.*, 906 A.2d 27, 67 (Del. 2006) (quotation omitted).

Plaintiffs contend that defendants knew, when they nominated Reese and Crowley in 2009, that their re-election to the Sears Board would violate section 8 of the Clayton Act, which prohibits interlocking directorates. In relevant part, that section provides:

> No person shall, at the same time, serve as a director or officer in any two corporations . . . that are . . . competitors, so that the elimination of competition by agreement between them would constitute a violation of any of the antitrust laws . . . [,] if each of the corporations has capital, surplus, and undivided profits aggregating more than $10,000,000 . . . . [unless] (A) the competitive sales of either corporation are less than [$26,161,000.00 as of January 13, 2009]; (B) the competitive sales of either corporation are less than 2 per centum of that corporation's total sales; or (C) the competitive sales of each corporation are less than 4 per centum of that corporation's total sales.

15 U.S.C. § 19(a)(1), (2); *see SMC Corp. v. F.T.C.*, 565 F.2d 807, 811 (2d Cir. 1977) (holding that "section 8 [of the Clayton Act] applies to corporations as well as to individual directors."). Plaintiff alleges that: (1) Sears competes with AutoZone, Auto Nation and Jones Apparel and each of those companies has "a combined capital surplus and undivided profit exceeding $26,161,000.00"; (3) Crowley has been a member of the AutoNation Board since 2002, a member of the Sears Board since March 24, 2005 and a member of the AutoZone Board since August 18, 2008; and (4) Reese

has been a member of the Jones Apparel Board since 2003 and a member of the Sears Board since March 24, 2005. (Am. Compl. ¶¶ 2, 7, 14, 22-52.) Those allegations support the inference that Reese and Crowley's re-election to the Sears Board in 2009 violated section 8 of the Clayton Act.

The record also supports the inference that defendants knew, when they nominated and recommended Reese and Crowley, that section 8 of the Clayton Act prohibited interlocking directorates. Plaintiff alleges, and Sears publicly represents, that each of the individual defendants has extensive corporate experience. *See* Sears Corporate Governance Guidelines § 6, http://www.searsholdings.com/govern/guidelines.htm.[1] Lampert is the CEO, Board Chairman and owner of ESL, a hedge fund that owns 54 percent of Sears, 43.67 percent of AutoZone and 45 percent of AutoNation. (*Id.* ¶ 8.) Crowley is Chief Operating Officer of ESL and Chief Administrative Officer of Sears, was a member of the Kmart Board from 2003 until the merger and has been a member of the AutoNation Board and its Corporate Governance and Nominating Committee since 2002 and the AutoZone Board since August 2008. (*Id.* ¶ 7); http://www.searsholdings.com/govern. Mnuchin is Chairman and co-CEO of a private investment firm, was CEO of another investment firm in 2003 and 2004, was Vice Chairman of ESL during 2003 and an Executive Vice President and Chief Information Officer of Goldman, Sachs & Co. from 1986 through 2003. http://www.searsholdings.com/govern. Reese was a principal with a private equity investment firm in 1999-2000, an Executive Vice President and Chief Financial Officer of

---

[1] *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994) ("[T]he district court may . . . take judicial notice of matters of public record without converting a 12(b)(6) motion into a motion for summary judgment." (quotation omitted)); *Doron Precision Sys., Inc. v. FAAC, Inc.*, 423 F. Supp.2d 173, 179 n. 8 (S.D.N.Y. 2006) ("For purposes of a 12(b)(6) motion to dismiss, a court may take judicial notice of information publicly announced on a party's website, as long as the website's authenticity is not in dispute and it is capable of accurate and ready determination." (quotation omitted)).

ITT Corp. from 1995 to 1998, is a member of the Boards of Xerox Corporation and Merrill, Lynch & Co. and has been a member of the Jones Apparel Board since 2003. *Id.*; (Am. Compl. ¶ 14). Rollins is a senior adviser to a private investment firm and a member of the Avaya Inc. Board and was President, CEO and a director of Dell, Inc. from 1996 through May 2007. http://www.searsholdings.com/govern. Scott is a founding partner and former board member of resort television network and was Chairman of the J. Crew Board from 1997 to 2003. *Id.* Tisch has been a managing partner a private investment firm since 1992 and is the Chancellor of Brown University. *Id.* Richard Perry is a co-founder of a private investment management firm, worked in Goldman, Sachs' private equity department and has served on the Boards of Radio & Records, Inc. and Endurance Specialty Insurance, Ltd. *See* Press Release, Sears Holdings Corporation, Sears Holdings Elects Richard C. Perry, Founder of Perry Capital, to Board (Sept. 26, 2005), available at, http://www.searsholdings.com/pubrel/pressOne.jsp?id=2005-09-26-0004131665. Moreover, Sears' corporate documents state that Board members "shall comply with all applicable laws [and] regulations" http://www.searsholdings.com/govern/board.htm, and emphasize the company's sensitivity to antitrust issues. *See* http://www.searsholdings.com/govern/code.htm#ANTITRUST (stating that Sears "is subject to complex antitrust laws designed to preserve competition among enterprises and to protect consumers from unfair business arrangements and practices"). Taken together, plaintiffs' allegations and Sears' representations amply support the inference that the individual defendants knew, when they took the actions plaintiff contest, that section 8 of the Clayton Act prohibited interlocking directorates.

    The record also supports the inference that defendants knew, when they nominated and recommended Reese and Crowley in 2009, that each sat on the board of a Sears competitor.

Defendants allegedly nominated Reese and Crowley on the advice of the Board's Nominating and Corporate Governance Committee, the body charged with reviewing the qualifications and independence of Board members, identifying individuals qualified to become members and recommending qualified nominees to the Board. (Am. Compl. ¶¶ 54-58); http://www.searsholdings.com/govern/nominating.htm. Further, Sears publicly acknowledges Reese and Crowley's competing affiliations on its website. *See* http://www.searsholdings.com/govern/. Viewed together, this information supports the inference that, at the relevant time, the individual defendants knew Reese and Crowley were members of the boards of Sears' competitors.

In short, the record amply supports the inference that the individual defendants knew, when they nominated and recommended Reese and Crowley in 2009, that Sears would be in violation of section 8 of the Clayton Act if they were elected. If that is true, and for the purposes of this motion we must assume that it is, then the individual defendants knowingly caused Sears to violate section 8 of the Clayton Act, conduct that is not protected by the business judgment rule. *See In re Walt Disney Deriv. Litig.*, 906 A.2d at 67. Because the amended complaint "support[s] a reasonable doubt" that the contested actions are protected by the business judgment rule and alleges that the majority of the directors who took part in those actions remain on the Sears Board, plaintiffs were not required to make a Rule 23.1 pre-suit demand. *See Aronson*, 473 A.2d at 815.

## Conclusion

For the reasons set forth above, the Court denies defendants' motions to dismiss [doc. nos. 53 & 55].

**SO ORDERED.**                              **ENTERED:**

7

**February 26, 2010**

_[signature: Ronald A. Guzman]_

_____
**HON. RONALD A. GUZMAN**
**United States District Judge**