MHN

**FILED**

JUN 1 4 2010
6-14-2010
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICE COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT F. BOTH TRUST and RONALD GROSS, DERIVATIVELY ON BEHALF OF NOMINAL Defendant SEARS HOLDINGS CORPORATION, <br><br> v. <br><br> WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B ROLLINS, EMILY SCOTT and THOMAS J. TISCH, | No. 09:cv-05314 <br><br> Hon. Ronald A. Guzma |

TO: HONORABLE DISTRICT JUDGE RONALD A. GUZMAN OF SAID COURT:

COMES NOW, Billy R. Jackson, 4802 Blueberry Trail, Austin, Texas 78723, Phone # 512-436-6334, objecting to the Proposed Settlement in Robert F. Booth Trust, et al. v. Crowley. No. 1:09-cv-05314. Furthermore, the aforementioned states that he is a current Sears's shareholder and that he has purchased his shares before April 6, 2010.

The proposed Settlement is not fair, reasonable and adequate to the current shareholders. It releases the Parties of all claims, demands, rights, remedies. Or cause of action, whether based on federal, state, local, statutory, common or foreign law or any other law, rule, regulation, or principle of equity, whether known or unknown, including without limitation Unknown Claims, whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were or that could have been asserted from the beginning of time through the Effective Date against the Released Parties in the Amended Complaint, or by any Sears shareholder claiming in the right of, or on behalf of, Sears arising out of or related, directly or indirectly, in any way to any of the facts, allegations, transactions, events, occurrences, acts, disclosures, statements, omissions, failures to act, or matters set forth, referred to, or that could have been alleged in the Amended Complaint.

Moreover, by operations of the Judgment, the Releasing Parties shall waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code $ 1542. "Unknown Claims" means any Release Claims that the Plaintiff's (individually, and derivatively on behalf of Sears) Sears, or any Sears shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his,

her, or its settlement with, and release of, the Released Parties, or might have affected his or her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the Released Claims. The Settling Parties further agree that the Released Claims constitute an express waiver of all rights and protections to the fullest extent permitted by California Civil Code $ 1542 and all similar federal, state, or foreign laws, rights, rules, or legal principles. Section 1542 states:

>    A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Finally, upon final approval of the Settlement, all Releasing Parties will be enjoined and barred form bringing any Released Claims against any of the Released Parties.

THEREFORE, the aforementioned prays that this HONORABLE COURT considered his Objection to the proposed Settlement.

Respectfully submitted,

*Billy R. Jackson*

BILLY R. JACKSON
4802 Blueberry Trail
Austin, Texas 78723