MHN

**FILED**

JUN 1 6 2010
6-16-2010
RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

---------------------------------------------------

**Robert F. Booth Trust and Ronald Gross, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION.**

**No. 1:09-CV-05314**

**Hon. Ronald A. Guzman**

                    **Plaintiff,**

**V.**

**William C. Crowley, Edward S. Lampert, Steven T. Mnuchin, Richard C. Perry, Ann N, Reese, Kevin B. Rollins, Emily Scott and Thomas J. Tish.**

**Notice of Appearance**

                    **Defendants**

**and**

**Sears Holdings Corporation,**

                    **Nominal Defendant.**

---------------------------------------------------

## Notice of Appearance

**Now comes Robert W. Orlick, Pro Se, and files this Notice of Appearance in the above stated matter.**

**Mailing Address**

**Robert W. Orlick
Apartment 105
1639 24th Avenue South
Grand Forks, North Dakota 58201**

**Phone/Fax 701-775-0087**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

---------------------------------------------------

Robert F. Booth Trust and Ronald
Gross, derivatively on behalf of
nominal defendant SEARS HOLDINGS
CORPORATION.

No. 1:09-cv-05314

Hon. Ronald A. Guzman

ANSWER & MOTIONS

Plaintiff,

V.

William C. Crowley, Edward S. Lampert,
Steven T. Mnuchin, Richard C. Perry,
Ann N, Reese, Kevin B. Rollins, Emily
Scott and Thomas J. Tish.

OBJECTION TO
SETTLEMENT &
GENERAL RELEASE.

Motion to Dismiss
&
Summary Judgment.

Defendants

and

Sears Holdings Corporation,

Nominal Defendant.

RECEIVED

JUN 1 4 2010

RONALD A. GUZMAN, JUDGE
UNITED STATES DISTRICT COURT

---------------------------------------------------

# MOTION TO DISMISS & SUMMARY JUDGMENT

## Now comes Robert W. Orlick, Stockholder of record

## Sears Holdings Corporation,

## Certificate Number SH 3768

**and moves this Honorable Court will DISMISS WITH PREJUDICE that portion of the alleged Settlement stipulating the Court will ORDER the General Release of "ALL" Sears Shareholders".**

**Page 2, Case No. 1:09-CV-05314**

# United States Securities & Exchange Commission Washington DC.

**I**

This Shareholder-Orlick, did file a Complaint with the SEC against Sears Holdings Corporation, as follows:

## November 26, 2004 with the SEC, Number HO 1327514.

**II**

Also filed a Petition with the SEC on May 07, 2007. (127 Pages).

**III**

Filed an Amendment thereto on August 07, 2007.

**IV**

Filed an additional Complaint on April 07, 2009,

**V**

## Filed an additional Complaint on June 07, 2010,

It appears, the above stated matters are under investigation by the SEC and others.

For the reasons stated above, Orlick Moves this Honorable Court to

## Dismiss With Prejudice,

any form of General Release, as it applies to Robert W. Orlick, his heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

Page 3, Case No. 1:09-cv-05314.

## SELF-SERVING LITIGATION:

**It appears, at this time, this matter as currently stated, is nothing more than an attempt to obtain from this United States Federal Court, an ORDER, for**

**"General Release"**

**against "all" shareholders, including, Orlick, for the purpose, to disenfranchise and defeat any shareholders future claims, whatever they may be, by way of Section 8.**

Obviously,
I represent only myself (ORLICK) and most certainly no other shareholders or the like in this instant matter.

## MOTION FOR SUMMARY JUDGMENT

## COMPENSATORY DAMAGES:

COSTS TO MAKE THIS RESPONSE AND MY TIME AND ATTENTION THERETO AND THE LIKE.

## PUNITIVE DAMAGES:

**$2,500,000.00.**

**(TWO Million Five Hundred Thousand Dollars)
Against
Sears Holdings Corporation.**

Page 4, Case # 1:09-cv-05314.

## Certificate of mailing

Robert W. Orlick hereby certifies that he has mailed copies of this Answer and Motion to this Honorable Court, the US Securities & Exchange Commission and Plaintiffs Attorney Kenneth J. Viaale, Esq., Vianale & Vianale LLP at 2499 Glades Road, Suite 112, Boca Raton, Florida 33431. Tel: (561-392-4750. By US Certified Mail, RRR.

Very Respectfully,

Robert W. Orlick
Pro Se
Apartment 105
1639 24th Avenue South
Grand Forks, North Dakota 58201.

Tel: 701-775-0087

## Because, all of my correspondence with the SEC is confidential, I cannot release copies.

## Certified Mail

## Plaintiffs' Counsel: 7009 2820 0004 0443 2773.

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, | ) ) ) ) ) | No. 1:09-cv-05314 |
| Plaintiff, | ) ) | Hon. Ronald A. Guzmán |
| v. | ) ) | |
| WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B. ROLLINS, EMILY SCOTT and THOMAS J. TISCH, | ) ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SEARS HOLDINGS CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) ) | |

**NOTICE OF PROPOSED SETTLEMENT OF SHAREHOLDER DERIVATIVE
LAWSUIT BROUGHT ON BEHALF OF SEARS HOLDINGS CORPORATION**

**TO: ALL SHAREHOLDERS OF SEARS HOLDINGS CORPORATION
("SEARS SHAREHOLDERS").**

**PLEASE READ THIS NOTICE CAREFULLY.**

**THE DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
(THE "COURT") HAS AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION.**

**SECURITIES BROKERS AND OTHER NOMINEES: PLEASE SEE INSTRUCTIONS ON PAGE 7
HEREIN.**

     You have been sent this notice (the "Notice") to advise you of the proposed settlement (the "Settlement") of a shareholder derivative lawsuit (the "Lawsuit") brought against certain current and former directors of Sears Holdings Corporation ("Sears" or the "Company"). This Notice explains the claims made in the Lawsuit, the relief achieved in the Settlement, and your rights as a Sears shareholder.

     The Lawsuit was not brought to recover money for Sears shareholders. Rather, it sought injunctive relief, that is, an order requiring the defendants to take certain action. The Lawsuit was brought under the federal antitrust laws by two shareholders of Sears. The Lawsuit asked the Court to issue an order requiring Sears to remove two directors from the Sears Board of Directors (the "Sears Board"). The parties to the Lawsuit have entered into a settlement agreement called a Stipulation of Settlement (the "Stipulation"), which the Court must approve before it can become final. As a result of the Settlement, Sears agreed that one of the challenged board members would not stand for

re-election to the Sears Board at the annual meeting of shareholders. The other challenged board member will continue to serve, but with certain restrictions on her board involvement. Plaintiffs and their attorneys believe that the proposed Settlement achieves the objectives of the Lawsuit, provides substantial benefits to the Company, and is in the best interests of the Company and its shareholders.

No money was sought or recovered in this Lawsuit. There is no process for shareholders to file claims or receive any money from the Settlement.

A hearing (the "Settlement Hearing") is scheduled to be held on July 9, 2010 at 10:00 a.m. before the Honorable Ronald A. Guzmán in Courtroom 1219, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, for the Court to determine whether to approve the Settlement and whether to approve the payment of attorneys' fees and expenses to Plaintiffs' attorneys. **If you are satisfied with the outcome of the Lawsuit as described in this Notice, you do not need to do anything. You may attend the hearing, but you are not required to do so.**

The Lawsuit was settled before trial. At the time the Settlement was reached, the Judge had not determined whether Defendants committed any of the violations of law alleged in the Lawsuit. Neither this Notice nor the Settlement amounts to a finding by the Court about the merits of the claims or defenses asserted by any party, the merits of the Settlement, or any other matter. The Defendants have denied and continue to deny each and every allegation of liability and wrongdoing on their part and contend that the claims asserted against them in the Lawsuit are without merit. The Defendants deny that they have breached any duty, violated any law, or engaged in wrongdoing of any form.

This Notice reflects only the statements and opinions of the parties to the proposed Settlement, and not the views of the Court.

You should read the Notice carefully because your legal rights may be affected.

## What Is The Lawsuit About?

In August 2009, the first derivative complaint was filed in the Northern District of Illinois. In September 2009, another, similar shareholder action was filed in the same court. The two cases were later consolidated into the single action entitled *Robert Booth Trust v. William Crowley*, No. 1:09-cv-05314 (the "Lawsuit"). On October 13, 2009, Plaintiffs filed an Amended Consolidated Verified Derivative Complaint (the "Complaint") against the Individual Defendants and nominally against Sears.

The Lawsuit makes claims on behalf of Sears against the following present and former directors of Sears: William C. Crowley ("Mr. Crowley"), Edward S. Lampert ("Mr. Lampert"), Steven T. Mnuchin, Richard C. Perry, Ann N. Reese ("Ms. Reese"), Kevin B. Rollins, Emily Scott, and Thomas J. Tisch (collectively referred to as the "Individual Defendants").

The Complaint alleged that two directors of Sears, Mr. Crowley and Ms. Reese, committed violations of Section 8 of the Clayton Antitrust Act ("Section 8"). Section 8 prohibits individuals from serving at the same time as directors of corporations which compete with each other. This situation is sometimes referred to as having "interlocking directors." The antitrust laws prohibit the boards of competing companies from sharing directors because such interlocks can potentially lead to conduct that results in the stifling of competition between the companies. Director interlocks are only unlawful, however, if the competing companies sharing a director have at least a certain percentage of competing sales.

Mr. Crowley was on the Boards of Directors of AutoZone, Inc. and AutoNation, Inc. at the same time he was on the Sears Board. Mr. Crowley is also an employee of ESL Investments, Inc. ("ESL"), a company which owns a substantial interest in AutoZone and AutoNation. Ms. Reese was on the Board of Directors of Jones Apparel Group, Inc. while she was a director of Sears. The Complaint alleged that Crowley's board service violated Section 8 because Sears, AutoZone and AutoNation competed for sales of automobile parts and service. It alleged that Ms. Reese's board service violated Section 8 because Sears competes with Jones Apparel Group for sales of women's apparel, footwear and accessories. The Amended Complaint further alleged that the members of the Sears Board had breached their fiduciary duties by nominating Mr. Crowley and Ms. Reese to the Sears Board in alleged violation of Section 8.

The Complaint did not seek money damages but rather injunctive relief directing the Sears Board to eliminate the alleged director interlocks.

The parties to the Lawsuit disagree about whether the companies alleged to have interlocking directors – Sears, AutoZone and AutoNation as to automobile parts and services, and Sears and Jones Apparel Group as to women's clothing and footwear – compete for sales to the same market of consumers in amounts large enough to make them subject to Section 8's interlocking director rules. If the allegations regarding Mr. Crowley's board service had gone to trial, resolving this issue might have required an expensive and time-consuming analysis of Sears', AutoZone's and AutoNation's automobile parts and services businesses. Similarly, if the allegations regarding Ms. Reese's board service had gone to trial, resolving this issue might have required an expensive and time-consuming analysis of Sears' and Jones Apparel's women's clothing and footwear lines and the consumer market for these products. The parties would likely have needed the assistance of costly experts on these issues. Plaintiffs and their attorneys considered as a factor favoring settlement the expense and time that would have been required to resolve these difficult fact issues. Plaintiffs also considered the possibility that after these factual issues were fully developed, the Court may have ruled in favor of the Defendants.

**What Is A Derivative Claim?**

A derivative claim is a claim brought by a shareholder on behalf of the company, rather than on behalf of the shareholders of the company. The recovery sought in a derivative action is for the benefit of the company rather than directly for individual shareholders.

**What Happened In the Case Before the Settlement?**

The parties and the Court devoted considerable resources to this case before the Settlement was reached. Plaintiffs' counsel conducted an extensive investigation before filing the case. The Defendants moved to dismiss the amended complaint on the ground that Plaintiffs were required to make a written, pre-suit demand on Sears' current board, asking the Board to take action. Plaintiffs filed a brief opposing dismissal. After considering the briefs of both parties and the applicable law, the Court denied the motion to dismiss.

Plaintiffs then moved the Court for a preliminary injunction, to prevent the Sears Board from nominating Mr. Crowley and Ms. Reese for re-election to the board at the next Annual Shareholders Meeting. Plaintiffs asked the Defendants to produce numerous categories of documents to enable Plaintiffs to prepare for a hearing on this motion. Sears provided Plaintiffs' lawyers with more than a thousand pages of responsive documents, which Plaintiffs' counsel reviewed, as well as written answers to questions posed by Plaintiffs' counsel concerning the matters in dispute.

After evaluating the strengths and weaknesses of their respective positions, and mindful of the expense and uncertainty of protracted litigation, the parties agreed to engage in initial discussions regarding a possible settlement. The Parties reached a Memorandum of Understanding setting forth the settlement, subject to further discovery. The Defendants then provided Plaintiffs' attorneys with additional relevant documents. Plaintiffs' attorneys also took the depositions of Ms. Reese and Mr. Crowley. After researching the applicable law, evaluating the results of their investigation, reviewing the documents obtained from Defendants, and questioning Mr. Crowley and Ms. Reese under oath, Plaintiffs' attorneys concluded that a settlement on the terms described in this notice was in the best interest of Sears and its shareholders.

**What Are The Terms Of The Proposed Settlement?**

The primary objective of the Lawsuit was to eliminate the alleged Section 8 violation resulting from Mr. Crowley and Ms. Reese's service on the Sears Board. As a result of the proposed settlement, Mr. Crowley did not stand for re-election to the Sears Board at the annual meeting of shareholders held on May 4, 2010, and will cease serving as an executive officer of Sears. This agreement will end his board membership and completely cure the alleged Section 8 violation that resulted from his interlocking board service. The Defendants have also agreed to guidelines governing Ms. Reese's service on the Sears Board. You can read the Guidelines at www.SearsHoldingsDerivative.com. These guidelines will require Ms. Reese to remove herself from board meeting discussions concerning the operation of Sears' women's apparel and footwear businesses, except to the extent

necessary to exercise her fiduciary duty as a director and as a member of the Sears Board's audit committee, and from voting on such matters. Sears or its attorneys are required to report to Plaintiffs' counsel on the steps taken to carry out the Guidelines. Plaintiffs' and their attorneys believe that the limitations on Ms. Reese's board service proposed in the Settlement address the underlying concerns of Section 8, namely, avoiding the potential for anti-competitive conduct, such as price fixing, monopolization, and attempts to injure the businesses of companies that might compete against Sears and Jones Apparel.

The Guidelines will also require Sears Board member Edward Lampert, who also serves as Chairman and Chief Executive Officer of ESL, to remove himself from Board discussions concerning the operations of Sears' auto parts and auto repair service businesses, except to the extent necessary to exercise his fiduciary duty as a director, and voting on such matters.

In addition, Sears has agreed to changes in its board composition that Plaintiffs and their attorneys believe will foster the goals of Section 8. One of the concerns arising from Mr. Crowley's board service was his employment by ESL, a company which has investment interests in many companies, including AutoZone and AutoNation. As part of the Settlement, the Defendants have agreed that any person not currently on the Sears Board or an officer of Sears who is nominated in 2010 to serve as a director will be an independent director who is not employed by ESL and who is not an officer or director of any Sears competitor in the apparel, footwear, automotive parts, or automobile repair services businesses. Defendants have also agreed that Sears will add at least one such independent director to its Board at or before its 2011 annual meeting of shareholders. Plaintiffs will have the right to withdraw from the settlement if any nominee does not meet the criteria provided for in the Settlement.

## What Are The Reasons For The Settlement?

The Plaintiffs, the Defendants and Sears each believe that the proposed Settlement is fair, reasonable and adequate, and is in the best interests of Sears and its current shareholders. The Settlement removed Mr. Crowley from the Sears Board entirely and placed limitations on Ms. Reese's board service to eliminate any potential anti-competitive effect from her alleged interlocking board memberships. In addition, the Settlement will require Sears to add an independent director to the Board. Even if Plaintiffs had prevailed at a trial, they could not have forced Sears to add such a director to its Board; this beneficial relief could only be achieved through a Settlement. Likewise, the Settlement requires Mr. Lampert to remove himself from Board discussions of the operation of Sears' auto parts and service business. This relief was not sued for in the Lawsuit and was only obtained through the Settlement.

Although Plaintiffs believe the derivative claims in the Complaint have merit, they recognize the significant costs, risks and uncertainties of rejecting the proposed settlement and pressing the case through trial and appeals. In a shareholder derivative case such as this one, the Plaintiff is asserting claims on behalf of the company itself. In evaluating a possible settlement, the Plaintiffs had to consider what was in the best interest of the Company and its shareholders. A trial would have been difficult and expensive for Plaintiffs and for Sears. There have been few previous cases challenging interlocking directors under Section 8. For this reason, Plaintiffs' attorneys could not predict whether this case would be dismissed before trial, or if the case was allowed to proceed to trial, how a trial would come out. There was a possibility that, after extensive discovery, pre-trial motions, a trial and an appeal, the Court would have allowed Mr. Crowley, Ms. Reese, or both of them to remain on the Sears Board. In view of these risks, Plaintiffs and Plaintiffs' counsel believe that the proposed settlement, which immediately accomplishes most of the relief sought in the Complaint, is in the best interests of Sears and its shareholders.

The Company believes that the Settlement provides substantial benefits to the Company, including assisting in the prevention and detection of potential violations of law, regulation or Company policy and is in the best interests of Sears and its current shareholders. The Company further believes that the Settlement allows Sears to avoid expensive and time-consuming litigation the outcome of which was uncertain and to maintain Ms. Reese, a highly-experienced independent director who is chair of the audit committee, on the Board.

In agreeing to settle the case, Sears and the Individual Defendants are not admitting that they did anything wrong. They have denied and continue to deny each and every allegation of liability and wrongdoing on their part and contend that the claims asserted against them in the Complaint are without merit. The Individual Defendants deny that they have breached any duty, violated any law, or engaged in wrongdoing of any form.

**What Attorneys' Fees And Expenses Will Be Paid?**

The Plaintiffs are represented by Kenneth J. Vianale, Vianale & Vianale LLP; Matthew T. Hurst, Susman Heffner & Hurst LLP; and Ronen Sarraf and Joseph Gentile, Sarraf Gentile LLP.

Plaintiffs retained their attorneys on a contingent fee basis. In a contingent fee case, the attorneys only get paid if the case is resolved successfully. The Plaintiffs' attorneys have not been paid anything for their legal services. Plaintiffs' attorneys have paid all of the expenses to prosecute the Lawsuit, for which they have not yet been reimbursed.

An additional term of the Settlement is the parties' agreement that Plaintiffs' counsel will seek an award of attorneys' fees for their work on the prosecution and settlement of the Lawsuit and reimbursement of expenses, which in total will not exceed $925,000. Sears has agreed not to oppose a request for attorneys' fees and expenses up to $925,000. Plaintiffs' Counsel will also seek permission from the Court to pay the Plaintiffs awards of up to $750 for their contribution to the case. The case contribution awards would be paid out of any attorneys' fees awarded by the Court. The award of attorney's fees and reimbursement of expenses and the payment of a case contribution award are subject to approval of the Court.

**What Will Happen At The Settlement Hearing?**

The Court has scheduled a Settlement Hearing for July 9, 2010, at 10:00 a.m. At this hearing, the Court will hear objections any shareholder may raise as to any aspect of the Settlement. At or following the hearing, the Court will decide whether the Settlement is fair, reasonable, and adequate, and determine whether to enter the Final Order approving the Settlement. The Court will also, either at the Settlement Hearing or after it, consider the matter of attorneys' fees and whether the fees requested are fair and reasonable and in what amount to award attorneys' fees and expenses to Plaintiffs' counsel. Pending a final ruling on whether the Settlement should be approved, the Parties, the Company and all Sears shareholders are prohibited from beginning or continuing any action that asserts any of the Released Claims against any Released Parties. The terms "Released Claims" and "Released Parties" are defined below.

<div align="center">

**YOU ARE NOT REQUIRED TO PARTICIPATE IN OR
ATTEND THE SETTLEMENT HEARING, BUT MAY DO SO IF YOU WISH.**

</div>

**If you are satisfied with the outcome of the case, you do not need to do anything. You may attend the hearing, but you are not required to do so.**

**What if I Disagree With the Settlement?**

If you are a shareholder of Sears as of the date of the Settlement Hearing and you want to object to any feature of the Settlement, you may do so by writing to the Court. In addition to writing to the Court, you may, if you wish, attend the hearing and speak to the Court about your objection. If you write to the Court with an objection, you do not need to also go to the hearing. The Court will read and consider your written objection whether you are at the hearing or not.

Only current Sears shareholders are entitled to object to the Settlement. If you are a Sears shareholder and you want to object to the Settlement, you must send a signed letter or other signed written submission stating that you object to the Settlement in *Robert F. Booth Trust, et al. v. Crowley, et al.*, No. 1:09-cv-05314. You may, but need not, hire a lawyer at your own expense to represent you in filing an objection. If you do hire a lawyer, he or she will need to file a Notice of Appearance along with the objection.

Your objection must include your name, address, and telephone number. You must also state that you are a Sears shareholder and state whether you purchased your shares before or after April 6, 2010. Your written objection must contain a plain statement of why you object to the Settlement. If there are any documents you want the Court to look at in support of your objection, you must send copies of the documents along with your objection. You are not required to attend the hearing for the purpose of explaining your objection to the Judge. However, if you plan on attending the hearing and would like to address the Court regarding your objection, you must state that in your written

objection. If you want to ask permission from the Court to present testimony from any witnesses at the hearing, you must state that in your objection as well.

Mail the objection and any supporting papers to the Court and Plaintiffs' attorney at the addresses provided below to arrive no later than June 25, 2010. YOUR OBJECTION MUST BE IN WRITING AND RECEIVED BY THIS DATE TO BE CONSIDERED. If the Court does not receive your objection at least fourteen days before the hearing, the Court may not be able to consider it.

| Court | Plaintiffs' Counsel |
|---|---|
| Clerk of the Court<br>United States District Court<br>Northern District of Illinois<br>Everett McKinley Dirksen<br>United States Courthouse<br>219 South Dearborn Street<br>Chicago, Illinois  60604 | Kenneth J. Vianale, Esq.<br>VIANALE & VIANALE LLP<br>2499 Glades Road, Suite 112<br>Boca Raton, Florida  33431<br>Tel.: (561) 392-4750 |

You will not be entitled to object to the proposed Settlement, to the final judgment to be entered in this action, to any award of attorneys' fees or expenses, or otherwise to be heard by the Court unless you file and serve written objections (and, if you wish to be heard, by stating that in the objection) in the form and manner, and by the date, required by this Notice. If you do not object in the manner and by the date required, you shall be considered to have waived any objections, and shall forever be barred in this or any other action or proceeding from raising any objections to the proposed Settlement and the application for an award of attorneys' fees and reimbursement of expenses by Plaintiffs' counsel.

The date of the Settlement Hearing may be changed without further notice to Sears shareholders. If you or your lawyer intends to attend the Settlement Hearing, you should confirm the date and time with Plaintiffs' counsel.

## What Is The Effect Of The Court's Approval Of The Proposed Settlement?

The Stipulation gives a full description of the terms for dismissal of the Settled Claims. The following is only a summary. If the Court approves the Settlement, on the date the Judgment approving the Settlement becomes Final (as defined in the Stipulation), the Releasing Parties (which includes Plaintiffs and all Sears shareholders) will fully, finally and forever release all Released Claims against the Released Parties.

The "Releasing Parties" means the Plaintiffs (individually, and derivatively on behalf of Sears), Sears, to the extent a derivative claim was properly brought, and the Sears shareholders and any of their heirs, executors, attorneys, administrators, predecessors, successors, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities.

The "Released Parties" are Sears, to the extent that it may be subject to a direct claim, the Individual Defendants (collectively, the "Settling Defendants"), and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

The "Released Claims" are any and all claims, demands, rights, remedies, or causes of action, whether based on federal, state, local, statutory, common or foreign law or any other law, rule, regulation, or principle of equity, whether known or unknown, including without limitation Unknown Claims, whether suspected or unsuspected, whether contingent or non-contingent, whether accrued or unaccrued, whether or not concealed or hidden, whether factual or legal, and for any remedy whether at equity or law, that were or that could have been asserted from the beginning of time through the Effective Date against the Released Parties in the Amended Complaint, or by any Sears shareholder claiming in the right of, or on behalf of, Sears arising out of or related, directly or indirectly, in any way to any of the facts, allegations, transactions, events, occurrences, acts, disclosures, statements, omissions, failures to act, or matters set forth, referred to, or that could have been alleged in the Amended Complaint.

By operation of the Judgment, the Releasing Parties shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542. "Unknown Claims" means any Released Claims that the Plaintiffs (individually, and derivatively on behalf of Sears), Sears, or any Sears shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims. The Settling Parties further agree that the Released Claims constitute an express waiver of all rights and protections to the fullest extent permitted by California Civil Code § 1542 and all similar federal, state, or foreign laws, rights, rules, or legal principles. Section 1542 states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

Upon final approval of the Settlement, all Releasing Parties will be enjoined and barred from bringing any Released Claims against any of the Released Parties.

## SPECIAL NOTICE TO NOMINEES

If you hold any Sears securities as nominee for a beneficial owner, then, within ten days after you receive this Notice, you must either: (1) send a copy of this Notice by first class mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Notice Administrator:

Robert F. Booth Trust v. Crowley et al
c/o The Garden City Group, Inc.
P.O. Box 9486
Dublin, OH 43017-4586

If you choose to mail the Notice yourself, you may obtain from the Notice Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable administrative costs actually incurred in connection with forwarding the Notice and that would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Notice Administrator.

### How Do You Get More Information About the Lawsuit And The Proposed Settlement?

This Notice summarizes the proposed Settlement. The Stipulation of Settlement, including the proposed Final Judgment attached to the Stipulation as Exhibit A, sets forth the complete terms of the Settlement. You can view the Stipulation at www.SearsHoldingsDerivative.com. You can view other relevant documents filed in connection with the Settlement of the Lawsuit by inspecting the papers filed in the Lawsuit at the office of the Clerk of Court, United States District Court for the Northern District of Illinois, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, during normal business hours or by requesting a copy of the relevant documents from Plaintiffs' counsel. If you have questions about the Settlement, you can contact Plaintiffs' counsel listed above.

**Remember, please do not call the Court or the Company. They cannot help you with additional information.**

DATE: May 11, 2010



Robert F. Booth Trust v. Crowley et al.
c/o The Garden City Group, Inc.
P.O. Box 9486
Dublin, OH 43017 - 4586

Return Service Requested

Presorted
First Class Mail
U.S. Postage
PAID
Philadelphia, PA
Permit # 5634

RBT01010350

ROBERT W ORLICK
1639 24TH AVE S
APT 105
GRAND FORKS, ND 58201-6746

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

---------------------------------------------------

**Robert F. Booth Trust and Ronald Gross, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION.**

**No. 1:09-CV-05314**

**Hon. Ronald A. Guzman**

**Plaintiff,**

**V.**

**Notice of Appearance**

**William C. Crowley, Edward S. Lampert, Steven T. Mnuchin, Richard C. Perry, Ann N, Reese, Kevin B. Rollins, Emily Scott and Thomas J. Tish.**

**Defendants**

**and**

**Sears Holdings Corporation,**

**Nominal Defendant.**

---------------------------------------------------

# Notice of Appearance

**Now comes Robert W. Orlick, Pro Se, and files this Notice of Appearance in the above stated matter.**

**Mailing Address**

**Robert W. Orlick
Apartment 105
1639 24th Avenue South
Grand Forks, North Dakota 58201**

**Phone/Fax 701-775-0087**

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

-----------------------------------------------------

Robert F. Booth Trust and Ronald
Gross, derivatively on behalf of
nominal defendant SEARS HOLDINGS
CORPORATION.

No. 1:09-cv-05314

Hon. Ronald A. Guzman

ANSWER & MOTIONS

Plaintiff,

V.

OBJECTION TO
SETTLEMENT &
GENERAL RELEASE.

William C. Crowley, Edward S. Lampert,
Steven T. Mnuchin, Richard C. Perry,
Ann N, Reese, Kevin B. Rollins, Emily
Scott and Thomas J. Tish.

Motion to Dismiss
&
Summary Judgment.

Defendants

and

Sears Holdings Corporation,

Nominal Defendant.

-----------------------------------------------------

# MOTION TO DISMISS & SUMMARY JUDGMENT

## Now comes Robert W. Orlick, Stockholder of record

## Sears Holdings Corporation,

## Certificate Number SH 3768

and moves this Honorable Court will DISMISS WITH PREJUDICE that
portion of the alleged Settlement stipulating the Court will ORDER the
General Release of "ALL" Sears Shareholders".

Page 2, Case No. 1:09-CV-05314

# United States Securities & Exchange Commission Washington DC.

### I

This Shareholder-Orlick, did file a Complaint with the SEC against Sears Holdings Corporation, as follows:

## November 26, 2004 with the SEC, Number HO 1327514.

### II

Also filed a Petition with the SEC on  May 07, 2007. (127 Pages).

### III

Filed an Amendment thereto on August 07, 2007.

### IV

Filed an additional Complaint on April 07, 2009,

### V

## Filed an additional Complaint on June 07, 2010,

It appears, the above stated matters are under investigation by the SEC and others.

For the reasons stated above, Orlick Moves this Honorable Court to

## Dismiss With Prejudice,

any form of General Release, as it applies to Robert W. Orlick, his heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

Page 3, Case No. 1:09-cv-05314.

## SELF-SERVING LITIGATION:

**It appears, at this time, this matter as currently stated, is nothing more than an attempt to obtain from this United States Federal Court, an ORDER, for**

**"General Release"**

**against "all" shareholders, including, Orlick, for the purpose, to disenfranchise and defeat any shareholders future claims, whatever they may be, by way of Section 8.**

Obviously,
I represent only myself (ORLICK) and most certainly no other shareholders or the like in this instant matter.

## MOTION FOR SUMMARY JUDGMENT

## COMPENSATORY DAMAGES:

COSTS TO MAKE THIS RESPONSE AND MY TIME AND ATTENTION THERETO AND THE LIKE.

## PUNITIVE DAMAGES:

$2,500,000.00.

**(TWO Million Five Hundred Thousand Dollars)
Against
Sears Holdings Corporation.**

Page 4, Case # 1:09-cv-05314.

## Certificate of mailing

**Robert W. Orlick hereby certifies that he has mailed copies of this Answer and Motion to this Honorable Court, the US Securities & Exchange Commission and Plaintiffs Attorney Kenneth J. Viaale, Esq., Vianale & Vianale LLP at 2499 Glades Road, Suite 112, Boca Raton, Florida 33431. Tel: (561-392-4750. By US Certified Mail, RRR.**

**Very Respectfully,**

**Robert W. Orlick**
**Pro Se**
**Apartment 105**
**1639  24th  Avenue  South**
**Grand Forks, North Dakota 58201.**

**Tel: 701-775-0087**

## Because, all of my correspondence with the SEC is confidential, I cannot release copies.

## Certified Mail

## Plaintiffs' Counsel: 7009 2820 0004 0443 2773.