## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, | ) ) ) | No. 1:09-cv-05314 |
| | ) | |
| Plaintiff, | ) ) | Hon. Ronald A. Guzmán |
| | ) | |
| v. | ) ) | |
| WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B. ROLLINS, EMILY SCOTT, and THOMAS J. TISCH, | ) ) ) ) ) ) | |
| | ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SEARS HOLDINGS CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) | |

---

## PLAINTIFFS' OPPOSITION TO THE MOTION TO INTERVENE AND OBJECTION OF THEODORE H. FRANK AND MOTION TO DISMISS UNDER RULE 23.1(A)

VIANALE & VIANALE LLP
Kenneth J. Vianale
2499 Glades Road, Suite 112
Boca Raton, Florida 33431

SARRAF GENTILE LLP
Ronen Sarraf
Joseph Gentile
116 John Street, Suite 2310
New York, New York 10038

*Lead Counsel for Plaintiffs*

SUSMAN HEFFNER & HURST LLP
Matthew T. Hurst
20 South Clark Street, Suite 600
Chicago, Illinois 60603

*Liaison Counsel for Plaintiffs*

Plaintiffs Robert F. Booth Trust and Ronald Gross respectfully submit this opposition to the Motion to Intervene and Objection of Theodore H. Frank; And Motion to Dismiss Under Rule 23.1(a) (the "Motion").

## PRELIMINARY STATEMENT

Plaintiffs brought this shareholder derivative action on behalf of nominal defendant Sears Holding Corporation ("Sears") in order to enforce Section 8 of the Clayton Act, 15 U.S.C. § 19 ("Section 8"), and remove William C. Crowley ("Crowley") and Ann N. Reese ("Reese") from the Sears board. Plaintiffs alleged that Crowley and Reese served on the boards of competing companies in violation of Section 8.[1] Pursuant to the Settlement: (1) Crowley has stepped down as an officer and director of Sears; (2) a new independent director unaffiliated with the majority shareholder, ESL Investments, Inc., owned by Edward S. Lampert ("Lampert"), will be added to the board before the next election; (3) Reese will abide by a "firewall" that prevents her from considering or voting on operations related to women's apparel and footwear; (4) Lampert will also abide by a firewall preventing his consideration of or voting on matters relating to Sears' auto parts and auto repair service businesses; and (5) Sears will consider adopting more corporate governance measures to ensure compliance with Section 8. The Settlement achieves most of the relief Plaintiffs sought.

Theodore H. Frank ("Frank") objects to the Settlement, seeks to intervene in the action and simultaneously dismiss it. The Court should deny the motion to intervene because: (1) Frank has not met the standards for mandatory or permissive intervention under Rule 24; and (2) Frank's stated intention to appeal whether intervention is granted or not renders his motion moot.

---

[1] Crowley sits on the boards of AutoZone, Inc. and AutoNation, Inc., which compete with Sears in the sale of auto products and auto repair services, respectively, and Reese sits on the board of Jones Apparel Group, which competes with Sears in the sale of women's, men's and children's clothing and women's accessories. Complaint, DE 45, ¶¶ 22-52.

1

Frank's objection to the Settlement – that it confers no benefit on Sears – and his request

that the action be dismissed, are both without support.

First, this Settlement achieves the basic goal of Section 8 and warrants approval. As the

Seventh Circuit has explained: Section 8 "reflects a public interest in preventing directors from

serving in positions which involve either a potential conflict of interest or a potential frustration

of purpose." *Protectoseal v. Barancik*, 484 F.2d 585, 589 (7th Cir. 1973) (copy attached hereto

as Exhibit A). The Settlement does precisely that, by removing Crowley, adding a new

independent director, and limiting the participation of Reese and Lampert in areas in which a

conflict might arise. The Settlement also brings the Company into compliance with the U.S.

antitrust laws and avoids the possibility of litigation with the government. This is a real benefit

given that Sears Roebuck & Co., now a wholly-owned Sears subsidiary, was twice sued by the

government for violating Section 8. *See U.S. v. Sears Roebuck & Co.,* 112 F. Supp. 336

(S.D.N.Y. 1952); *U.S. v. Sears Roebuck & Co.*, 111 F. Supp. 614, 621 (S.D.N.Y. 1953).

In such instances, the law is clear that injunctive or non-monetary relief that is of benefit

to a corporation warrants settlement approval. *See Mills v. Electro-Auto Lite Co.*, 396 U.S. 375,

391-92 (1970). This is particularly true when the purpose of a settlement is to vindicate a federal

statute's purpose. *See id.* at 396. With respect to Section 8, the Seventh Circuit has expressly

held that corporations may sue under that statute to remove an interlocking director from board

service because of the importance of Section 8 compliance to corporations. *Protectoseal,* 484

F.2d at 588.

Second, Frank's argument that the Settlement is without value because enforcement of

Section 8 is unlikely is without merit. Section 8 is still law, its financial requirements and

thresholds are updated annually by the Department of Commerce, the U.S. government continues

to monitor companies to ensure their compliance with Section 8, and no one can assure Sears

that it may violate Section 8 with impunity. Moreover, non-compliance with the U.S. antitrust

laws violates Sears' own corporate governance objectives and guidelines.[2] Frank advocates for

what any rational shareholder would reject: management that knowingly breaks federal law by

colluding and conspiring in the name of higher profits.

Finally, Frank's motion to dismiss is baseless, contrary to this Court's prior denial of

Defendants' motion to dismiss, unduly prejudicial to Plaintiffs given the late stage of the

proceedings, and contrary to the overwhelmingly positive support the Settlement has received

from Sears shareholders. Indeed, of the 100,000 notices mailed to shareholders regarding the

approval of this Settlement, only eight objections were received. Accordingly, the Settlement

should be approved and Frank's objections and motion to dismiss should be denied.

## ARGUMENT

## I. FRANK HAS NOT SATISFIED THE REQUIREMENTS TO INTERVENE

### A.    Intervention as of Right Should be Denied

Frank does not meet the standards for intervention as of right under Rule 24(a)(2).[3]

Intervention of right is mandatory under Rule 24(a)(2), only when four requirements have been

satisfied: "'(1) timeliness, (2) an interest relating to the subject matter of the main action, (3)

potential impairment of that interest if the action is resolved without the intervenor, and (4) lack

of adequate representation by existing parties.'" *Sachs v. Reef Aquaria Design Inc.*, No. 06 C

1119, 2007 U.S. Dist. LEXIS 75247 at *3 (N.D. Ill. Oct. 5, 2007)(Guzmán, J.) (*quoting Reid L.*

---

[2]    *See www.searsholdings.com/govern/code.htm#ANTITRUST).*

[3]    Rule 24(a)(2) provides mandatory intervention to one who: "claims an interest relating to the
property or transaction that is the subject of the action, and is so situated that disposing of the
action may as a practical matter impair or impede the movant's ability to protect its interest,
unless existing parties adequately represent that interest."

*v. Ill. State Bd. of Educ.*, 289 F.3d 1009, 1017 (7th Cir. 2002)). Failure to satisfy even one of the requirements for mandatory intervention warrants denial of the motion. *SEC v. Homa,* No. 99 C 6895, 2000 U.S. Dist. LEXIS 14582 at *7 (N.D. Ill. Sept. 29, 2000)(Guzmán, J.)(*citing Commodity Futures Trading Comm'n v. Heritage Capital Advisory Servs., Ltd.*, 736 F.2d 384, 386 (7th Cir. 1984)).

### 1. The Motion is Untimely

This action was filed nearly a year ago, on August 28, 2009. Frank says that Sears' proxy statement filed with the SEC on April 6, 2010, advised shareholders of the Settlement. *See* Motion at 8, ¶21. In his objection filed in June, Frank told the Court: "I have elected with my broker to receive shareholder notice over e-mail." Objection of Theodore H. Frank, 6/29/10, at ¶10. As an example, Frank notes that he received the proxy statement notice of the "2010 Metro Bancorp, Inc. Annual Meeting of Shareholders" by e-mail. *Id.* Thus, with respect to Sears, Frank either knew of the Settlement in this case when it was publicly announced on April 6, 2010, or should have known about it at that time. The Settlement was also the subject of a half-page article in *The Wall Street Journal* on April 7, 2010.

The length of time Frank *knew or should have known* of his interest in the case is relevant to the timeliness inquiry. *See Sachs*, 2007 U.S. Dist. LEXIS at *3-*4; *Central States, Southeast and Southwest Areas Pension Fund v. Gopher News Co.*, 542 F. Supp.2d 823, 828-29 (N.D. Ill. 2008); *In re Old Bank One Shareholders Sec. Litig.*, 2007 U.S. Dist. LEXIS 94776 at *5 (N.D. Ill. Dec. 28, 2007). Frank did not move for intervention until August 16, 2010, forty-nine days after the date, June 28, 2010, he admits he received actual notice of the Settlement. Frank Objection, 6/29/10 at ¶2. As this Court noted in *Sachs*, "the Seventh Circuit has held that intervention was untimely and inexcusable where the applicant sought to intervene *four months*

4

*after the action had been filed and forty-nine days* after the applicant had become aware of her

interest in the case." *Sachs*, 2007 U.S. Dist. LEXIS 75247 at *4 (emphasis added)(*quoting Fed.*

*Deposit Ins. Corp. v. Hanrahan*, 612 F.2d 1051, 1053 (7th Cir. 1980)).

Intervention will also cause undue prejudice to Plaintiffs. Frank seeks intervention for

the purpose of moving to dismiss the action. Motion, Ex. A (prayer for relief requests dismissal

of action). Plaintiffs have already litigated a motion to dismiss, which the Court denied. DE 65.

The parties and the Court should not be put to the task of another motion to dismiss at this stage,

after settlement has been reached. Frank, on the other hand will suffer no prejudice; his

objection to the Settlement is of record, and he says he will appeal whether or not this Court

grants his motion to intervene. *See* Motion at 5 ("Frank will appeal regardless of whether the

motion to intervene is granted.").

### 2. Frank Lacks Standing and Fails to Provide a Proper Pleading

Under Rule 23.1 and Delaware law, to have standing, Frank must be a shareholder of

Sears at the time the transaction complained of took place and when the action was brought.

Rule 23.1(b)(1); *Weinhaus v. Gale*, 237 F.2d 197, 199 (7th Cir. 1956). Frank purchased 100

shares of Sears stock on March 9, 2010. *See* Motion at 2. Plaintiffs, however, allege Section 8

was violated in *2009*, when the board nominated Crowley and Reese for reelection to the board

that year. *See* Complaint , DE 45, at ¶¶57-59. Because Frank did not own the stock in 2009, he

has no standing to pursue the claims Plaintiffs allege, nor to dismiss claims he does not possess

the power to bring.

Frank also fails to attach a proper pleading to his Motion. Under Rule 24, a motion to

intervene must be "accompanied by a pleading that sets out a ***claim or defense*** for which

intervention is sought." Rule 24(c), Fed. R. Civ. P. (emphasis added). Frank's two-page

"Proposed Pleading" sets forth no claim. Insofar as the exhibit may be construed as a defense, it contains no facts supporting a request for dismissal with prejudice. It states only that Plaintiffs are inadequate under Rule 23.1(a) because the litigation "adversely affects the corporation" and because the Settlement provides no value to shareholders. Motion, Ex. A at ¶¶ 8-9. The exhibit contains no factual allegations to support either assertion. But the exhibit does show Frank's lack of standing; it alleges that Frank did not purchase any Sears shares until March 9, 2010, nearly a year after the 2009 election of directors that Plaintiffs challenge. *Id.* at ¶6.

### 3.   Frank's Interest Will Not be Impaired if Intervention is Denied

Frank has already twice lodged his objections to the Settlement and states that he intends to appeal whether or not his motion to intervene is granted. Motion at 5. Under these circumstances, Frank has not shown impairment to his interest (if any, considering his lack of standing discussed above) if intervention is denied.

### 4.   Frank Has Not Shown that Plaintiffs Are Inadequate

Frank must establish "with fair probability that the [plaintiffs'] representation was inadequate." Rule 24, Advisory Committee Notes (1963). Frank has made no showing of inadequacy sufficient to warrant intervention. Motion at 5- 7. He has not discredited the truth of Plaintiffs' allegations that the directorships of Crowley and Reese violated Section 8. Nor does he contend that Plaintiffs or their counsel failed to diligently prosecute the case. His sole argument is that Sears is better off ignoring Section 8. This argument, however, runs *contra* to the holding in *Protectoseal v. Barancik*, 484 F.2d at 588, and ignores Sears' own judgment that the Settlement confers substantial benefits on the corporation. *See* Stipulation of Settlement, DE 82-1, ¶ N). Frank fails to meet his burden on inadequacy of representation.

**B.    Frank Should not be Granted Permissive Intervention**

Permissive intervention may be allowed in the trial court's discretion when the movant "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(1) & (B), Fed. R. Civ. P.; *Iwork Software, LLC.v. Corporate Express, Inc.*, No. 02 C 6355, 2003 U.S. Dist. LEXIS 19686 at *14 (N.D. Ill. Nov. 4, 2003)(Guzmán, J.) "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Rule 24(b)(3), Fed. R. Civ. P.

Frank has no claim or defense that shares a common question of law or fact with the case. Frank shares no claim in common with Plaintiffs. He has no standing to assert the claims alleged in the Complaint, as discussed above, and in any event, he seeks dismissal of the case. Nor does he share any question of law or fact in common with the defense of the case. As set forth in the Stipulation of Settlement, Defendants agree that the Settlement confers a benefit on Sears and its shareholders -- a proposition Frank rejects.

Permissive intervention would also unduly delay this action and the adjudication of Plaintiffs' rights. Plaintiffs filed a meritorious action and overcame Defendants' motion to dismiss months ago. Thereafter, the Settlement was reached after an extensive negotiation and confirmatory discovery. Nevertheless, Frank now wishes to litigate the proposed motion to dismiss that he attaches to his motion to intervene. Plaintiffs would be unduly prejudiced by having to undergo a second motion to dismiss at this stage of the proceedings. Frank on the other hand, is adequately protected by the objection he has lodged. Frank's statement that he will appeal the Court's ruling on the Settlement regardless of whether he is granted intervention shows he will suffer no prejudice if intervention is denied.

## II.    FRANK'S OBJECTIONS TO THE SETTLEMENT ARE WITHOUT MERIT

Frank contends that the Settlement confers no benefit on Sears because the Company's true interest lies not in complying with Section 8, but in colluding with other companies to unfairly raise prices on consumers. *See* Motion at 6. According to Frank, Sears can thereby rack up "unfair" and "excessive" profits, which greatly benefits shareholders. *Id.* Frank argues that Sears can and should ignore Section 8 entirely, because it will only suffer harm if it is unable to elude Government detection and prosecution, which Frank thinks is unlikely. *Id.* Frank accordingly argues that a derivative suit like this one that seeks compliance with Section 8 is by definition meritless. *Id.* at 9. As discussed below, Frank's position is inconsistent with settled case law and sound corporate practice.

### A.    The *Protectoseal* Decision Shows the Settlement Has Substantial Value

*Protectoseal* dispenses with Frank's argument that Section 8 was not intended to protect corporations from wrongdoing directors and thus the Settlement provides no value to Sears. In that case, Protectoseal Company sued to remove a director, Barancik, from its board because he simultaneously sat on the board of Protectoseal's competitor, Justrite Manufacturing Company. Protectoseal alleged its injury took "the form of exposure to possible treble damage liability to third parties who might charge that plaintiff and Justrite were engaged in a conspiracy in restraint of trade, as well as injury by reason of defendant's access to confidential information." *Protectoseal*, 484 F.2d at 588. The trial court granted summary judgment to Protectoseal, enjoining Barancik from continued membership on the board and from voting any of his shares for the election of directors. *Id.* at 587. On appeal, Barancik contended that plaintiff had no standing because ***"the potential liability is illusory"*** and he denied "any intent to receive or utilize confidential information concerning plaintiff's business." *Id.* (emphasis added).

8

The Seventh Circuit summarily rejected this argument:

> We find it unnecessary to appraise these factual matters for we have no doubt that a corporation has standing to request a federal court to remove a director whose service on its board violates an Act of Congress. The corporation itself is a potential defendant in litigation which the government may initiate to enforce § 8. *See United States v. W.T. Grant Co.*, 345 U.S. 629, 630, 634 n. 9, 73 S.Ct. 894, 97 L.Ed. 1303. ***Even if that were not the case, the corporation surely has sufficient interest in the legality of its directors' tenure to justify litigation such as this.*** There is no merit to defendant's standing argument; if it is illegal for him to serve on plaintiff's board, plaintiff has a right to have him removed.

484 F.2d at 588 (emphasis added).

*Protectoseal* makes it clear that a corporation like Sears has a legitimate "interest in the legality of its directors' tenure." Frank's argument that Sears' real interest lies in colluding with other companies like AutoZone, AutoNation and Jones Apparel, has no basis in the law.

In addition, there is a prior history here that Frank has ignored. Sears Roebuck – now a wholly-owned subsidiary of Sears after the 2005 merger with K-Mart – was twice sued by the Government for violating Section 8. *See U.S. v. Sears Roebuck & Co.*, 112 F. Supp. 336 (S.D.N.Y. 1952) (shortly after Government sued, Sears Roebuck director John M. Hancock voluntarily resigned from the board of Bond Stores, Inc.); *U.S. v. Sears Roebuck & Co.*, 111 F. Supp. 614 (S.D.N.Y. 1953) (granting Government summary judgment against Sears Roebuck and Sidney J. Weinberg, a director of both Sears Roebuck and The B.F. Goodrich Company, for violating Section 8). Against this background, Frank's argument that Sears should ignore Section 8 is not well grounded, to say the least. On the contrary, Sears implicitly rejects these principles in its Corporate Governance statements.[4]

---

[4] *See* Sears' website: www.searsholdings.com/govern/code.htm#ANTITRUST) (For officers and employees: "You are expected to comply with [the antitrust] laws at all times";

Further, the Department of Commerce updates the financial requirements and thresholds contained in Section 8 annually[5] and the FTC has recently stepped up enforcement of Section 8. On October 12, 2009, the FTC announced after its two-year investigation of Apple and Google, that Arthur D. Levinson, a director of both companies, was stepping down from Google's board. Earlier in the year, Apple had announced that Eric E. Schmidt, also a director of both companies, was stepping down from Apple's board. FTC Chairman Jon Leibowitz announced: "Google, Apple, and Mr. Levinson should be commended for recognizing that overlapping board members between competing companies raise serious antitrust issues and for their willingness to resolve our concerns without the need for litigation . . . . **Beyond this matter, we will continue to monitor companies that share board members and take enforcement actions where appropriate.**" Statement of FTC Chairman Jon Leibowitz, October 12, 2009 (available at *www.ftc.gov/opa/2009/10/google.shtm*) (emphasis added).

### B. Non-Monetary Benefits and Vindication of a Federal Statute's Purpose Are Sufficient Settlement Consideration

The law is well-settled that non-monetary benefits to a corporation and its shareholders are adequate consideration for a settlement and for the award of attorneys' fees to plaintiffs' counsel. In *Mills v. Electric Auto-Lite Co.*, the Supreme Court held that a shareholder's derivative action that vindicated a federal statutory policy "rendered a substantial service to the corporation and its shareholders. *Id.* at 396. In *Mills*, the plaintiff brought a derivative action alleging a violation of Section 14(a) of the Securities Act of 1934, based on the corporation's failure to disclose in the proxy disseminated to shareholders seeking their vote on a proposed

---

www.searsholdings.com/govern/guidelines.htm (For board members: "The Board of Directors ... is committed to the maximization of stockholder value while adhering to all applicable laws and observing the highest ethical standards.").

[5]  The most recent updates to Section 8 were announced on January 19, 2010, and were published by the FTC in the Federal Register on January 21, 2010.  15 U.S.C. § 19(a)(5).

merger, that the directors recommending that shareholders vote to approve the merger were controlled by the company's majority stockholder. *Id.* at 378. The corporation ultimately made the proxy disclosures plaintiff complained about.

The Supreme Court held that the plaintiff had conferred a substantial benefit on the corporation and its shareholders, and was entitled to legal fees from the corporation, even though the suit had not produced and might never produce any monetary recovery. *Id.* at 392. The Court held that "in vindicating the statutory policy [of full disclosure], petitioners have rendered a substantial service to the corporation and its shareholders. *Id.* at 396. The Court held that private derivative actions like this one furnished "a benefit to all shareholders by providing an important means of enforcement of the proxy statute." *Id.* The Court also held that in shareholder derivative actions like this one, the corporation was the proper party to pay the plaintiff's attorney's fees and expenses because "the expenses incurred by one shareholder in the vindication of a corporate right of action can be spread among all shareholders through an award against the corporation, regardless of whether an actual money recovery has been obtained in the corporation's favor." *Id.* at 394.

Here, the federal interest is clear and strong. Section 8 "reflects a public interest in preventing directors from serving in positions which involve either a potential conflict of interest or a potential frustration of purpose." *Protectoseal*, 484 F.2d at 589. The terms of the Settlement vindicate the federal purpose underlying Section 8, namely, removing conflicts of interest and frustration of the antitrust law's purpose of free and open competition. Indeed, the Supreme Court in *Mills* commented favorably on the substantial benefit conferred by a stockholder who had sued derivatively for a judicial declaration that the election of some of the corporation's directors was illegal. *Mills*, 396 U.S. at 395 (discussing stockholder action in

*Bosch v. Meeker Cooperative Light & Power Assn.*, 257 Minn. 362, 363, 101 N.W.2d 423, 425 (1960)). *Accord Koppel v. Wein*, 743 F.2d 129, 134-35 (2d Cir. 1984); *Kopet v. Esquire Realty Co.*, 523 F.2d 1005, 1008 (2d Cir. 1975).

Frank's argument that Sears' stock price did not rise in the days following the announcement of the Settlement in April 2010, Motion at 8, is irrelevant. To begin with, Frank himself concedes he does not know if there were other market factors affecting the stock price. *Id.* More importantly, the analysis has no support in the applicable law. The Supreme Court has recognized that the benefit conferred on a corporation may not be capable of expression in monetary terms. *Mills*, 396 U.S. at 395. The *Mills* Court stated that many courts "have acknowledged that a corporation may receive a "substantial benefit" from a derivative suit, justifying an award of counsel fees, regardless of whether the benefit is pecuniary in nature." *Id.* That is why the *Mills* Court held that vindication of a federal statutory policy is enough to show a substantial service had been rendered to the corporation and its shareholders. *Mills*, 396 U.S. at 396. *Accord Tandycrafts, Inc. v. Initio Partners*, 562 A.2d 1162, 1165 (Del. 1989) ("the [corporate] benefit need not be measurable in economic terms").

Frank's opposition to plaintiffs' request for attorneys' fees does not address the *Mills* decision or its progeny. *Mills* held that in the circumstances we have here, the Court can require the corporation to pay attorneys' fees because that is the most equitable way in a derivative action to "spread among all shareholders" the cost of the benefit conferred on the corporation. *Mills*, 396 U.S. at 394.[6]

---

[6]  Frank's vow that he will not seek attorney's fees for himself, Motion at 4-5, must be taken with a grain of salt. Under well-settled law, Frank would not be entitled to a fee in any event. *Zucker v. Westinghouse Elec.*, 374 F.3d 221, 226 (3d Cir. 2004) (shareholder objector who is also an attorney appearing *pro se* cannot recover attorney's fees in a derivative action because the conflict of interest might lead him to take actions contrary to the corporation's best interest);

## CONCLUSION

For the foregoing reasons, the Court should deny Frank's motion to intervene, overrule

his objections, deny his motion to dismiss, and approve the Settlement.

Dated: August 24, 2010                         Respectfully submitted,

                                               /s/ Matthew T. Hurst
**VIANALE & VIANALE LLP**                      **SUSMAN HEFFNER & HURST LLP**
Kenneth J. Vianale                             Matthew T. Hurst
2499 Glades Road, Suite 112                    20 South Clark Street, Suite 600
Boca Raton, Florida 33431                      Chicago, Illinois 60603
T: 561-392-4750                                T: 312-346-3466
F: 561-392-4775                                F: 312-346-2829

**SARRAF GENTILE LLP**                         *Liaison Counsel for Plaintiffs*
Ronen Sarraf
Joseph Gentile
116 John Street, Suite 2310
New York, New York 10038
T: 212-868-3610
F: 212-918-7967

*Lead Counsel for Plaintiffs*

---

*see UFCW Local 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, No. 08-1423, 2009 U.S. App. LEXIS 20463 at **18 (10th Cir. Sept. 11, 2009)(denying fees to objector-attorney appearing pro se in class action because "[a] party must first incur attorney fees before he or she is entitled to an attorney-fee award."); *In re Texaco Inc. Shareholder Derivative Litig.*, 123 F. Supp.2d 169, 173-74 (S.D.N.Y. 2000) (*pro se* attorney shareholder cannot seek legal fees for objecting to derivative settlement).