# United States District Court, Northern District of Illinois

| **Name of Assigned Judge or Magistrate Judge** | Ronald A. Guzman | **Sitting Judge if Other than Assigned Judge** | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 5314 | **DATE** | 9/8/2010 |
| **CASE TITLE** | Robert F. Booth Trust vs. Crowley | | |

**DOCKET ENTRY TEXT**

For the reasons set forth in this Order, objector Theodore Frank's motion to intervene and dismiss [doc. no. 117] is denied.

■ [For further details see text below].

Docketing to mail notices.

| | Courtroom Deputy Initials: | LC/LM |
|---|---|---|

Sears shareholder Theodore Frank has filed a motion to intervene and dismiss pursuant to Federal Rules of Civil Procedure 23.1 and 24. Whether plaintiffs can maintain this derivative suit and Frank has a right to intervene in it boil down to a single issue: Do plaintiffs adequately represent Frank's interest as a Sears shareholder? *See* Fed. R. Civ. P. 23.1(a), 24(a)(2).

Among the factors courts consider to determine whether derivative suit plaintiffs are adequate representatives is whether they appear to be "the driving force behind the litigation." *See Davis v. Comed, Inc.*, 619 F.2d 588, 593-94 (6th Cir. 1980) (listing factors). Frank argues that the nature of the suit shows that plaintiffs' lawyers are the force behind it because interlocking directorates, which stifle competition, actually benefit stockholders. Consequently, he concludes, the only point to filing a suit to enforce the ban on interlocks is to generate legal fees. (Mot. Intervene 5-6.)

The Court disagrees. Interlocking directorates are illegal. 15 U.S.C. § 19. Maintaining them carries the risk of government intervention, further private litigation and negative publicity, all of which can decrease the price of Sears stock. Though the relative value of suing over interlocks can be debated, such suits are not, as Frank contends, completely devoid of merit.

In addition, Frank argues that the terms of the settlement, which provide no compensation to the shareholders but up to $925,000.00 in fees to plaintiffs' counsel, show that the lawyers are driving the suit. However, the proposed settlement does not include money for the shareholders because money damages were not sought in the suit. Moreover, though Frank's concern about the agreed amount is well taken, the Clayton Act contemplates that prevailing plaintiffs will recover a reasonable attorney's fee. *See* 15 U.S.C. § 26. If the Court approves a settlement, it will determine the amount of a reasonable fee according to the principles set forth in *Hensley v. Eckerhart*, 461 U.S. 424 (1983), not the parties' agreement.

In short, Frank has not demonstrated that plaintiffs do not adequately represent his interests as a Sears shareholder. Thus, he is not entitled to intervene under Rule 24(a).

Alternatively, Frank seeks the Court's permission to intervene under Rule 24(b). *See* Fed. R. Civ. P. 24(b)(1), (3) ("[T]he court may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact" if "the intervention will [not] unduly delay or prejudice the adjudication of the original parties' rights."). Frank argues that his intervention will not delay the case or prejudice the parties because he seeks party status solely to obtain the right to appeal. (Mot. Intervene 5); *see Felzen v. Andreas*, 134 F.3d 873, 874-76 (7th Cir. 1998) (holding that shareholders must intervene in a derivative suit to appeal from an order approving its settlement), *aff'd sub nom. Cal. Pub. Emp. Retirement Sys. v. Felzen*, 525 U.S. 315 (1999) (per curiam). But he also says that he will appeal any settlement approval order, regardless of its terms, because the suit enriches the lawyers at the expense of the shareholders and distracts the Sears board. (*See* Mot. Intervene 5, 9.) Frank unequivocally states his intention before the Court has held a fairness hearing, approved or rejected the proposed settlement in whole or part, or made any necessary fee determination, and without acknowledging that an appeal will also impose costs on Sears. These facts suggest that Frank's intervention would be more obstructive than constructive. As a result, the Court exercises its discretion to deny both his motion to intervene and his motion to dismiss.

That does not mean, however, that the Court will disregard his concerns. Frank has submitted written objections to the proposed settlement, which he may address more fully at the fairness hearing. Moreover, if Frank cannot or does not attend that hearing, the Court will still consider his objections, and those of any other Sears stockholder, before ruling on plaintiffs' motion for final approval.