**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WILLIAM C. CROWLEY, EDWARD S. )<br>LAMPERT, STEVEN T. MNUCHIN, )<br>RICHARD C. PERRY, ANN N. REESE, )<br>KEVIN B. ROLLINS, EMILY SCOTT, and )<br>THOMAS J. TISCH, )<br>)<br>Defendants, )<br>)<br>and )<br>)<br>SEARS HOLDINGS CORPORATION, )<br>)<br>Nominal Defendant. )<br>) | No. 1:09-cv-05314<br><br>Hon. Ronald A. Guzmán |

## STATUS REPORT

On November 2, 2011, the Court struck plaintiffs' motion for presentment of status, but instructed the parties they could submit a written status report if they wished to do so. [Docket # 170]. Accordingly, plaintiffs Robert F. Booth Trust and Ronald Gross submit the following status report:

    1.    Presently before this Court are the Motion to Approve Settlement [Docket #97] and the Motion for Attorney's Fees [Docket #100], both of which are fully submitted.

    2.    The Seventh Circuit ruled that this Court has jurisdiction to decide these motions. It also suspended Mr. Frank's appeal of the order denying his motion to intervene in this action, awaiting this Court's ruling on the proposed settlement. [Docket #167].

3. Nominal defendant, Sears Holding Corporation ("Sears"), plans to disseminate its annual proxy to its shareholders in February 2012. Our understanding is that if there were a ruling on the settlement, which includes a provision for the appointment of an independent director, those facts would be included in the proxy statement to shareholders. Sears shareholders will be asked to vote on the independent director. This will be the second missed opportunity for Sears to allow its shareholders to vote on this appointment.

4. Given the passage of time, and the suspended status of Mr. Frank's appeal in the Seventh Circuit, plaintiffs respectfully request that, if at all possible within the constraints of the Court's calendar and docket, that the Court render a decision on the pending motions before the end of this year. Plaintiffs are prepared to provide the Court with whatever additional information the Court desires on an expedited basis, including the substantial additional time and expenses incurred in prosecuting this action since the plaintiffs' fee and expense application was fully submitted.

Dated: November 3, 2011

Respectfully submitted,

**VIANALE & VIANALE LLP**
Kenneth J. Vianale
2499 Glades Road, Suite 112
Boca Raton, Florida 33431
T: 561-392-4750
F: 561-392-4775

*/s/ Matthew T. Hurst*
**SUSMAN HEFFNER & HURST LLP**
Matthew T. Hurst
Two First National Plaza, Suite 600
Chicago, Illinois 60603
T: 312-346-3466
F: 312-346-2829

*Liaison Counsel for Plaintiffs*

**SARRAF GENTILE LLP**
Ronen Sarraf
Joseph Gentile
One Penn Plaza, Suite 2424
New York, NY 10119
T: 212-868-3610
F: 212-918-7967

*Lead Counsel for Plaintiffs*