IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B. ROLLINS, EMILY SCOTT and THOMAS J. TISCH, <br><br> Defendants, <br><br> and <br><br> SEARS HOLDINGS CORPORATION, <br><br> Nominal Defendant. | No. 1:09-cv-05314 <br><br> Hon. Ronald A. Guzmán |

**JOINT MOTION OF PLAINTIFF AND INDIVIDUAL DEFENDANTS FOR FINAL APPROVAL OF AMENDED SETTLEMENT PURSUANT TO SECOND AMENDED STIPULATION OF SETTLEMENT**

Plaintiff Ronald Gross (the "Plaintiff")[1] and the Individual Defendants[2] have agreed to modify the terms of settlement to address the issues raised by the Court in its January 27, 2012 Order, and to make a number of additional changes made necessary or appropriate by changes in circumstances and the passage of time. The settling parties believe their revised settlement complies with the Court's prior decisions and therefore jointly move this Court pursuant to Fed.

---

[1] Robert F. Booth Trust is withdrawing as a plaintiff.
[2] The Individual Defendants are William C. Crowley, Edward S. Lampert, Steven T. Mnuchin, Richard C. Perry, Ann N. Reese, Kevin B. Rollins, Emily Scott, and Thomas J. Tisch

R. Civ. P. 23.1 to enter the Order and Final Judgment in the form attached as an exhibit to the Second Amended Stipulation of Settlement (the "Second Amended Stipulation"), and to consider and approve the Second Amended Stipulation attached hereto as Exhibit A. Counsel for the moving parties have conferred with counsel for the nominal defendant Sears, who has executed the Stipulation and have been advised that Sears has no objection to this motion. In further support, the moving parties state:

## Prior Proceedings

1. Beginning in March of 2010, Plaintiff's Counsel and counsel for the Individual Defendants engaged in a series of negotiations for a potential settlement. A tentative agreement was reached on March 18, 2010, and a Memorandum of Understanding memorializing the settlement was signed on March 19, 2010. On April 16, 2010, the parties submitted a joint motion for preliminary approval of their settlement, which motion and proposed settlement was amended on April 28, 2010. The Court preliminarily approved the settlement, as amended, by Order entered on May 17, 2010. Direct notice of the proposed settlement was given to all shareholders by first class mail.

2. At the continued fairness hearing on September 10, 2010, on, *inter alia*, Plaintiff's Motion to Approve the Settlement, the Court raised certain issues regarding the language of the proposed release as set forth in the Amended Stipulation of Settlement (Dkt. 87-2) (dated April 28, 2010). Accordingly, the parties agreed to modify the language of the release to address the Court's comments, and submitted the First Amendment to Amended Stipulation of Settlement (Dkt. 87-2 & 137-1 together, the "Original Stipulation") and [Amended Proposed] Order and Final Judgment on September 24, 2010 for the Court's consideration.

## The Second Amended Stipulation of Settlement

3. On January 27, 2012, the Court denied the parties' motion for final settlement approval of the settlement set forth in the Original Stipulation. Shortly after entry of the Court's January 27, 2012 Order, the parties conducted a series of negotiations to change the terms of the earlier settlement to address the issues the Court raised, and to make a number of additional modifications made necessary or appropriate by changes in circumstances and the passage of time. As a result of the just-described negotiations, the Settling Parties have agreed to the Second Amended Stipulation of Settlement (attached hereto as Exhibit A) and Order and Final Judgment (attached as an exhibit to the Second Amended Stipulation) and submit both for the Court's consideration.

4. The parties have agreed that the defined term "Derivative Claims" shall be eliminated, and that the prior definition of "Released Claims" set forth in Paragraph 1.10 of the First Amendment to Amended Stipulation of Settlement (Dkt. 137-1) shall be replaced by the definition of "Released Claims" set forth in the Second Amended Stipulation of Settlement and in the Order and Final Judgment. The Second Amended Stipulation provides:

"Released Claims" means the claims asserted or encompassed in the Amended Complaint or any predecessor action (including Unknown Claims), whether brought by the Plaintiff individually, or by any of the other Releasing Parties to the extent brought derivatively on behalf of Sears (or by Sears directly). By operation of the Judgment, the Releasing Parties shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 (*See* Exhibit A ¶ 1.7; Order and Final Judgment, ¶ 8.)

The modifications address the following comments by the Court in its January 27, 2012 Order:

- The Court's Order states that "the parties do not explain why the amended stipulation contains different definitions for "Derivative Claims" (§ 1.1) and "Released Claims" (§ 1.10), when the terms should be co-extensive." To address

3

the Court's comment, the parties have eliminated "Derivative Claims" as a defined term.

- The Court's Order states that "even as amended, § 1.10 is still too broad. It purports to release defendants from liability for *any* § 8 violation and related breach of fiduciary duty claim, not just from the § 8 and fiduciary duty claims alleged in the amended complaint, *i.e.*, those based on Reese and Crowley's election to the Sears board." To address the Court's comment, the Revised Definition has been narrowed to only encompass the § 8 and related fiduciary duty claims alleged in the Amended Complaint or any predecessor action (including Unknown Claims).

- The Court's Order states that the Original Stipulation "purports to release [Edward] Lampert from liability for all § 8 and related fiduciary duty claims though: (1) the amended complaint does not allege that he is an interlock; (2) Lampert is the only individual defendant, other than Reese and Crowley, absolved of liability; and (3) the relief to which he agreed, to stay out of certain board discussions and votes, is insufficient, given his status as controlling shareholder of Sears, to support releasing him from liability." To address this comment, the parties have removed specific reference to Mr. Lampert and provided that Mr. Lampert will receive the same release provided to all other individually named defendants.

5. The January 27, 2012 Order criticized Paragraph 4.2 of the Original Stipulation (Dkt. 87-2 & 137-1) that provided a release by all Settling Defendants (including the nominal defendant Sears) to Plaintiff's Counsel covering any claims relating to the prosecution or settlement of this suit. To address the Court's comment, the parties have limited the release given to Plaintiff's Counsel. In the Second Amended Stipulation, the Individual Defendants grant a release to Plaintiffs' Counsel only as to the Individual Defendants' personal claims, which the Individual Defendants should be able to release as part of the consideration for dismissal of the lawsuit. (*See* Exhibit A, ¶ 4.3; Order and Final Judgment, ¶ 13.) Nominal defendant Sears does <u>not</u> provide such a release to Plaintiff's Counsel. (*See* Exhibit A, ¶ 4.2; Order and Final Judgment, ¶ 12.)

6. The Stipulation states that the filing of this action and the actions of the Plaintiff in prosecuting it were substantial factors in William C. Crowley's decision to resign as

4

an officer of Sears Holding Corporation ("Sears") and not seek re-election to the Sears Board of Directors in 2010. (*See* Exhibit A, ¶ 2.1.)

7. The Stipulation also states that the filing of this action and the actions of the Plaintiff in prosecuting it were substantial factors in Ann N. Reese's decision not to seek re-election to the Board of Directors of Jones Apparel Group, Inc. (*Id.*, ¶ 2.2.)

8. The parties have agreed that nominal defendant Sears will have no further obligation to implement any of the Guidelines described in Section 2.3 of the Original Stipulation (Dkt. 87-2 & 137-1) and Exhibit E thereto, and reference to this Section has been eliminated from the Stipulation.

9. The parties have agreed that nominal defendant Sears will not be obligated to nominate an additional independent director to the board of directors as previously required in Section 2.2 of the Original Stipulation (Dkt. 87-2 & 137-1), and reference to this Section has been eliminated from the Stipulation.

10. The amount of attorneys' fees and expenses that can be sought by Plaintiff's Counsel has been reduced. The parties have agreed that Plaintiff's Counsel's application to the Court for an award of attorneys' fees and expenses may not exceed a total of $175,000 in the aggregate. (*See* Exhibit A, ¶¶ 2.3, 5.1.) Defendants agree to pay an award of attorneys' fees and expenses as ordered by the Court up to, but not exceeding, $175,000 in the aggregate. The Settling Defendants will have the right to terminate the Settlement and the Stipulation if the Court awards attorneys' fees and expenses in excess of $175,000 in the aggregate to Plaintiff's Counsel and/or any other person, and the parties to the award do not waive and disclaim any right to such amounts. (*Id.*, ¶ 6.1(ii)(d).)

5

11. The parties have agreed that each party will have the right to terminate the Settlement and the Stipulation if the Court declines to approve the Stipulation or enter the proposed Order and Final Judgment within one-hundred twenty (120) days of the filing of this motion for such approval. (*Id.*, ¶ 6.1(i).)

### **No Further Notice is Required**

12. Because the modified release language is narrower than the release language previously described to the stockholders in the Notice this Court approved (to which there were no valid objections), and because the amount of attorneys' fees Plaintiff's Counsel seeks are substantially less than what was sought before, no additional notice is required. *See e.g. Reade-Alvarez v. Eltman, Eltman & Cooper P.C.*, No. CV-04-2195 (CPS), 2006 WL 3681138, *11 (E.D.N.Y. Dec. 11, 2006)(approving settlement agreement without additional notice to class provided that the parties agree to modifications to the release language suggested by Court); *Smith v. Tower Loan of Mississippi, Inc.*, 216 F.R.D. 338, 380 (S.D. Miss. 2003)(same). Given the costs involved, any of the Settling Parties will have the right to terminate the Settlement and the Stipulation if the Court orders that additional notice of the settlement or any other matter in this action be given to the Company's shareholders. (*See* Exhibit A, ¶ 6.1(ii)(c).)

13. A copy of this motion and the accompanying Notice of Motion, has been sent by overnight delivery service (e.g. Federal Express) to each of the shareholders who filed objection to the earlier settlement with the Court.

WHEREFORE, Plaintiff and the Individual Defendants respectfully request that the Court (a) accept the Second Amended Stipulation of Settlement attached hereto as Exhibit A, and (b) enter the Order and Final Judgment in the form attached as an exhibit thereto.

Respectfully submitted,

| For Plaintiff Ronald Gross: | For the Individual Defendants: |
|---|---|
| /s/ Kenneth J. Vianale | /s/ Christopher Q. King |
| One of his Attorneys | One of their Attorneys |
| | |
| VIANALE & VIANALE LLP | SNR Denton US LLP |
| Kenneth J. Vianale | Christopher Q. King |
| 2499 Glades Road, Suite 112 | 233 South Wacker Drive |
| Boca Raton, Florida 33431 | Chicago, IL 60606 |
| T: 561-392-4750 | T: 312-876-8000 |
| F: 561-392-4775 | F: 312-876-7934 |
| | |
| SARRAF GENTILE LLP | WACHTELL, LIPTON, ROSEN & KATZ |
| Ronen Sarraf | Paul Vizcarrondo, Jr. |
| Joseph Gentile | Jonathon M. Moses |
| 450 Seventh Avenue, Suite 1900 | 51 West 52nd Street |
| New York, NY 10123 | New York, New York 10019 |
| T: 212-868-3610 | T: 212-403-1000 |
| F: 212-918-7967 | F: 212-403-2000 |
| | |
| SUSMAN HEFFNER & HURST, LLP | |
| Arthur T. Susman | |
| Matthew T. Heffner | |
| Matthew T. Hurst | |
| 20 South Clark Street Suite 600 | |
| Chicago, Illinois 60603 | |
| T: 312-346-3466 | |
| \F: 312-346-2829 | |

Dated: May 16, 2012

# CERTIFICATE OF SERVICE

I hereby certify that on May 16, 2012, I electronically filed the foregoing **JOINT MOTION OF PLAINTIFF AND INDIVIDUAL DEFENDANTS FOR FINAL APPROVAL OF AMENDED SETTLEMENT PURSUANT TO SECOND AMENDED STIPULATION OF SETTLEMENT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to registered parties as well as the individual Objectors as identified below:

**Via Federal Express**

Teresa Bohner
781 Spyglass Blvd.
Forsyth, IL 62535

Robert W. Orlick
1639 24th Avenue South, Apt 105
Grand Forks, ND 58201

Lorraine P. Kotula
1821 Sunnyside Avenue
Westchester, IL 60154

Katherine L. Kough
17827 Valle de Lobo Drive
Poway, CA 92064

Mrs. Veronica S. Chemers
1312 S. Crescent Ave.
Park Ridge, IL 60068

**Via Federal Express**

Billy R. Jackson
4802 Blueberry Trail
Austin, TX 78723

Roger Neetz
7495 Indian Oaks Drive
Vero Beach, FL 32966

Theodore H. Frank
901 N. Monroe St., #1007
Arlington, VA 22201

Melvin J. Schultz
3931 Brittany Road
Northbrook, IL 60062

/s/ Christopher Q. King

Christopher Q. King, *One of the Attorneys for the Individual Defendants*

14877356