**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, | ) ) ) ) | |
| | ) | No. 1:09-cv-05314 |
| Plaintiff, | ) ) | Hon. Ronald A. Guzmán |
| v. | ) ) | |
| WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B. ROLLINS, EMILY SCOTT and THOMAS J. TISCH, | ) ) ) ) ) ) | |
| Defendants, | ) ) | |
| and | ) ) | |
| SEARS HOLDINGS CORPORATION, | ) ) | |
| Nominal Defendant. | ) ) | |

## SECOND AMENDED AND RESTATED STIPULATION OF SETTLEMENT

This Second Amended and Restated Stipulation of Settlement (the "Second Amended Stipulation"), dated as of May 16, 2012, is entered into, by and through their respective counsel, by: (a) plaintiff Ronald Gross (the "Plaintiff"); (b) nominal defendant Sears Holding Corporation ("Sears" or the "Company"); and (c) defendants William C. Crowley, Edward S. Lampert, Steven T. Mnuchin, Richard C. Perry, Ann N. Reese, Kevin B. Rollins, Emily Scott, and Thomas J. Tisch (collectively, the "Individual Defendants," with (a) and (b), collectively, the "Settling Parties," and with (b) collectively, the "Settling Defendants"). This Second Amended Stipulation is intended by the Settling Parties to fully, finally and forever compromise, resolve,

discharge, and settle the Released Claims in accordance with the terms and conditions set forth below, subject to the approval of the United States District Court for the Northern District of Illinois (the "Court"):

## HISTORY OF THE LITIGATION AND THE SETTLEMENT PROCESS

A.     On August 28, 2009, the Robert F. Booth Trust, a shareholder of Sears, filed a derivative complaint in the United States District Court for the Northern District of Illinois (the "Court") against the Individual Defendants and nominally against Sears (the "Booth Trust Action").

B.     On September 14, 2009, Ronald Gross, a shareholder of Sears, filed a derivative complaint in the Court against the Individual Defendants and nominally against Sears (the "Gross Action").

C.     On September 28, 2009, the Court entered an Order consolidating the Booth Trust Action and the Gross Action under the case number 09-C-5314 (the "Action") and appointing Vianale & Vianale LLP and Sarraf Gentile LLP as Lead Counsel and Susman Heffner & Hurst LLP as Liaison Counsel.

D.     On October 13, 2009, Plaintiffs filed an Amended Consolidated Verified Derivative Complaint (the "Amended Complaint"). The Amended Complaint alleged that two directors of Sears, William C. Crowley ("Crowley") and Ann N. Reese ("Reese"), had violated Section 8 of the Clayton Antitrust Act, which bars individuals from serving as directors of two or more corporations with competitive sales above certain monetary thresholds. The Amended Complaint further alleged that the Individual Defendants had breached their fiduciary duties by nominating Crowley and Reese to the Sears board of directors in alleged violation of Section 8.

E.      On November 20, 2009, the Settling Defendants moved to dismiss the Action on the grounds that Plaintiffs lacked standing because they did not make a pre-suit demand on the Board of Sears and did not sufficiently allege demand futility. In an Opinion of February 26, 2010, the Court denied the Settling Defendants' motion to dismiss.

F.      On March 5, 2010, Plaintiffs moved to preliminarily enjoin the Settling Defendants from nominating and endorsing Crowley and Reese for reelection to the Sears board of directors in 2010.

G.      In preparation for a preliminary injunction hearing scheduled for March 24, 2010, Plaintiffs' Counsel sought and received discovery materials from Defendants, including 1556 pages of documents and responses to 23 interrogatories and 56 requests for admission. Subsequently, Plaintiffs' Counsel received additional documents and took the depositions of Reese and Crowley.

H.      At approximately the same time as the Plaintiffs' filing of the Motion for Preliminary Injunction, Plaintiffs' Counsel and counsel for the Individual Defendants engaged in a series of negotiations for a potential settlement over a period of nearly two weeks. Counsel discussed possible steps that Sears could take to address the issues raised in the Amended Complaint with respect to the alleged violations of the Clayton Act. After reaching agreement on the material terms of a proposed settlement, counsel also discussed the position that the Settling Defendants would take on Plaintiffs' Counsel's application for attorney's fees and reimbursement of expenses. A tentative agreement resolving the matter was reached on Thursday, March 18, 2010, and a Memorandum of Understanding memorializing the settlement was signed on March 19, 2010. On March 19, the Court was advised of the settlement, and the preliminary injunction hearing was removed from the Court's calendar.

I. On April 16, 2010, the parties submitted a joint motion for preliminary approval of their settlement, which motion and proposed settlement was amended on April 28, 2010. The court preliminarily approved the settlement, as amended, by Order entered on May 17, 2010. Direct notice by first class mail was given to all shareholders. The Court held a hearing on final approval on July 9, 2010. The hearing was continued to September 10, 2010, at which time the settlement was taken under advisement. The parties subsequently moved to make a further amendment to the Amended Stipulation of Settlement (together, "Original Stipulation"), which was submitted on September 24, 2010.

J. Due to the pendency of this litigation, and pursuant to the terms of the Original Stipulation, Defendant William Crowley did not stand for re-election to the Sears board in 2010, resigned his position as a Sears officer, and has not served on the Sears Board or as a Sears officer, since the middle of 2010. Sears timely provided certain reports to Plaintiffs' counsel as provided for in the Original Stipulation. Sears adopted the Guidelines Regarding the Protection of Sears Holdings Corporation Information provided for in Ex. E to the Original Stipulation. Because of the pendency of this litigation, Ann Reese decided not to stand for re-election to the Jones board and has not been a Jones director since May, 2011.

K. On January 27, 2012, the Court denied the parties' motion for final settlement approval of the settlement set forth in the Original Stipulation. The Individual Defendants indicated their intention to move for summary judgment and the Court set a schedule for the filing and briefing of dispositive motions. Shortly after entry of the Court's January 27, 2012 Order, the parties conducted a series of negotiations to modify the terms of the earlier settlement to address the issues the Court raised, and to make additional changes made necessary or appropriate by changes in circumstances and the passage of time. As a result of the just-

-4-

described negotiations, the Settling Parties have agreed to the material terms of an amended settlement, resulting in the agreement set forth herein.

L.      Plaintiff Robert F. Booth Trust intends to withdraw from this Action as a plaintiff. Ronald Gross will remain as a plaintiff in this Action.

## THE SETTLING DEFENDANTS' DENIALS OF WRONGDOING AND LIABILITY

M.      The Settling Defendants have denied and continue to deny each and every one of the claims and contentions alleged in the Amended Complaint. The Settling Defendants also have denied and continue to deny all allegations that Sears has suffered damage by or as a result of the conduct alleged in the Amended Complaint with respect to the Settling Defendants.

N.      The Settling Defendants have nevertheless concluded that it is desirable to settle this action in the manner and upon the terms and conditions set forth in this Second Amended Stipulation.

O.      Neither this Second Amended Stipulation, nor any of its terms or provisions, nor entry of the Judgment, nor any document referred to herein or exhibit attached hereto, nor any action taken to carry out this Second Amended Stipulation is, may be construed as, or may be used as, evidence of the validity of any Released Claims or as an admission by or against the Settling Defendants of any fault, wrongdoing, or concession of liability whatsoever.

P.      Neither this Second Amended Stipulation nor Exhibit A hereto shall be offered or received into evidence, nor used in any way, in any action or proceeding in any court or other tribunal for any purpose whatsoever other than to enforce the provisions of this Second Amended Stipulation, except that this Second Amended Stipulation and the Exhibit hereto may be filed as evidence of the Settlement or in any action against the Released Parties to support a

defense of res judicata, collateral estoppel, release, or other theory of claim or issue preclusion or similar defense.

## THE CLAIMS IN THE ACTION AND THE BENEFITS OF SETTLEMENT

Q.     Based on their review and analysis of the relevant facts and controlling legal principles, Plaintiff's Counsel and the Settling Defendants believe that the Settlement set forth in this Second Amended Stipulation confers substantial benefits upon, and is in the best interests of, Sears. The Individual Defendants acknowledge Plaintiff's efforts that resulted in the Settlement. The Settling Parties have agreed to settle pursuant to the terms and provisions of this Second Amended Stipulation after considering, inter alia, the substantial benefits that Sears will receive.

R.     Although Plaintiff believes that the claims in the Action have substantial merit, Plaintiff and his Counsel recognize and acknowledge the expense and length of time that would be required to prosecute those claims through dispositive motions, a trial, and appeal. Plaintiff and his Counsel have also taken into account the uncertain outcome and the risks of litigating the Action, as well as the difficulties and delays inherent in such litigation.

S.     The Settling Parties acknowledge that the claims in the Action have been filed, commenced and prosecuted by the Plaintiff and defended by the Settling Defendants in good faith and with adequate basis in fact and law under Federal Rule of Civil Procedure 11, and that the claims in the action are being voluntarily settled based on the advice of counsel.

T.     The Settling Parties, through their counsel, have conducted extensive, arm's length negotiations with respect to the compromise and settlement of the claims in the action. Plaintiff, through his counsel, has conducted a thorough investigation into the underlying

facts and strength of such claims. Plaintiff's Counsel have concluded that the terms and conditions of this Second Amended Stipulation confer substantial benefits upon, and are in the best interest of, Sears, and have agreed to settle the claims raised in the Amended Complaint, pursuant to the terms and provisions of this Second Amended Stipulation.

NOW, THEREFORE, without any admission or concession on the part of Plaintiff of any lack of merit of the claims in the action whatsoever, and without any admission or concession on the part of the Settling Defendants as to the merits of such claims or as to any liability or wrongdoing whatsoever, IT IS HEREBY STIPULATED AND AGREED, by and among the Settling Parties, through their respective counsel, that, subject to the approval of the Court, in consideration of the substantial benefits flowing to the Settling Parties hereto from the Settlement, the Released Claims shall be finally and fully compromised, settled, and released and this Action, and all claims asserted therein, shall be dismissed with prejudice:

## 1. **DEFINITIONS**

As used in this Second Amended Stipulation, the following terms have the meanings specified below:

1.1     "Effective Date" means the date upon which the Judgment approving the Settlement in accordance with this Second Amended Stipulation becomes Final as a matter of law and is no longer subject to appellate review.

1.2     "Final" means the latest of: (a) the expiration of the time for the filing or noticing of any motion for reconsideration of or appeal from of the Judgment; (b) the final affirmance of the Judgment on an appeal or after reconsideration, the expiration of the time for a petition, or a denial of any petition, to review the affirmance of the Judgment on

appeal, or, if such petition is granted, the final affirmance of the Judgment following review

pursuant to that grant; or (c) the final dismissal of any appeal from the Judgment or the final

resolution of any proceeding to review any appeal from the Judgment without any material

change to the Judgment. Any proceeding or order, or any appeal or petition for a review of

a proceeding or order, pertaining solely to any application for or award of attorneys' fees or

expenses shall not in any way delay or preclude the Judgment from becoming Final.

1.3     "Judgment" means the Order and Final Judgment entered by the Court in

a form substantially similar to the Proposed Order and Final Judgment attached hereto as

Exhibit A.

1.4     "Person" means an individual, business or legal entity, including any

corporation, limited liability corporation, professional corporation, limited liability

partnership, partnership, limited partnership, association, joint stock company, estate, legal

representative, trust, unincorporated association, government or any political subdivision or

agency thereof, and their spouses, heirs, predecessors, successors, representatives, or

assignees.

1.5     "Plaintiff" means Ronald Gross.

1.6     "Plaintiff's Counsel" means Vianale & Vianale LLP, Sarraf Gentile LLP,

and Susman Heffner & Hurst LLP.

1.7     "Released Claims" means the claims asserted or encompassed in the

Amended Complaint or any predecessor action (including Unknown Claims), whether

brought by the Plaintiff individually, or by any of the other Releasing Parties to the extent

brought derivatively on behalf of Sears (or by Sears directly). By operation of the

Judgment, the Releasing Parties shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542 (see ¶ 1.13, below).

1.8    "Released Parties" means all Settling Defendants, including Sears, to the extent that it may be subject to a direct claim, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

1.9    "Releasing Parties" means the Plaintiff (individually, and derivatively on behalf of Sears), Sears, to the extent a derivative claim was properly brought, and the Sears shareholders and any of their heirs, executors, administrators, predecessors, successors, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities.

1.10    "Settlement" means the agreement made and entered into by and among the Settling Parties and set forth in this Second Amended Stipulation.

1.11    "Settlement Hearing" means the hearing the Settling Parties will request that the Court hold in order to consider and determine, among other things, whether the Settlement should be approved, whether Judgment should be entered dismissing the Action, and all claims alleged therein, with prejudice, and whether and in what amount attorneys' fees and expenses should be awarded.

1.12    "Settling Defendants" means, collectively, nominal defendant Sears and the Individual Defendants.

1.13    "Unknown Claims" means any Released Claims that the Plaintiff (individually, and derivatively on behalf of Sears), Sears, or any past or present Sears shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims.  The Settling Parties further agree that the Released Claims constitute an express waiver of all rights and protections to the fullest extent permitted by California Civil Code § 1542 and all similar federal, state, or foreign laws, rights, rules, or legal principles.  Section 1542 states:

**A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiff, Sears, and past and present Sears shareholders shall be deemed by operation of the Judgment to have acknowledged that the release of Unknown Claims was separately bargained for and is a key element of the Settlement.

## 2.    SETTLEMENT OF THE ACTION

In settlement of and as a result of the claims alleged in the Action, and effective as of the date of this Second Amended Stipulation, the Settling Defendants have agreed to each of the following:

2.1    The filing of this Action and the actions of the Plaintiff in prosecuting it were substantial factors in Crowley's decision not to stand for reelection in 2010 to the Sears board of directors, and to cease serving as an executive officer of Sears.

2.2    The filing of this litigation and the actions of the Plaintiff in prosecuting it were substantial factors in Defendant Reese's decision not to stand for reelection in 2011 to the Jones board of directors.

2.3    The Settling Defendants agree that they will pay or cause to be paid to Plaintiff's Counsel such attorneys' fees and expenses as the Court may award to Plaintiff's Counsel in an amount not to exceed a total of $175,000 in the aggregate.  Payment of attorney's fees pursuant to this paragraph shall be made pursuant to the provisions of paragraph 5.1 of this Second Amended Stipulation.

2.4    For clarity, Settling Defendants shall have no obligation with respect to the provisions of sections 2.2 or 2.3 of the Original Stipulation, including, without limitation, the Guidelines referred to in section 2.3 of the Original Stipulation or Exhibit E thereto.

3.    **SETTLEMENT HEARING AND NOTICE ORDERS**

3.1    The Settling Parties shall request that the Court hold a Hearing to consider and determine: (a) whether to approve the Settlement; (b) whether Judgment should be entered dismissing the Amended Complaint with prejudice; (c) whether permanently to bar and enjoin the Releasing Parties from litigating any of the Released Claims against any of the Released Parties; and (d) whether to approve the application of Plaintiff's Counsel for an award of fees and reimbursement of expenses.

3.2     At such hearing, the Parties shall recommend to the Court that applicable law does not require the parties to undertake the expense of providing additional notice to Sears shareholders, beyond the individual, direct notice already provided following preliminary approval of the Original Stipulation. In the event the Court orders that such notice to the shareholders be provided, the Settlement and this Second Amended Stipulation are voidable at the election of each and any of the Settling Parties.

## 4.     **RELEASES AND BAR**

4.1     Upon the Effective Date, each of the Releasing Parties, on behalf of him/her/itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, attorneys, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall: (i) have, fully, finally and forever released, relinquished and discharged all Released Claims as against all the Released Parties; and (ii) be forever barred and enjoined from commencing, instituting, prosecuting, continuing, or in any way participating in the commencement or prosecution of any action asserting any of the Released Claims against any of the Released Parties, and covenants not to bring any Released Claims.

4.2     Upon the Effective Date, each of the Settling Defendants, on behalf of him/herself and/or itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiff

from all claims or demands relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of this Action and/or the claims alleged therein.

4.3    Upon the Effective Date, each of the Individual Defendants, on behalf of him/herself and/or itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff's Counsel from all claims or demands relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of this Action and/or the claims alleged therein.

4.4    Pending final approval of the Settlement by the Court, neither the Plaintiff, Sears, nor any past or present Sears shareholder shall commence, maintain, or prosecute any action or proceeding against the Released Parties in any court or tribunal asserting any of the Released Claims.

4.5    If any Settling Defendant files, commences, prosecutes, intervenes in, or otherwise participates in, any subsequent action or proceeding against the Released Parties, or asserts any claims (including claims for contribution or indemnity) against the Released Parties in any subsequent action or proceeding, nothing in paragraph 4.1 shall be deemed to have released claims, if any, that the Released Parties may have against any Settling Defendant relating in any way to the subject matter of that subsequent action or proceeding.

## 5.   PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES

5.1     Plaintiff's Counsel will together apply to the Court for an award of attorneys' fees and expenses not to exceed $175,000 in the aggregate. Plaintiff's Counsel may seek a case contribution award of up to $750 for the Plaintiff, to be taken out of any expenses awarded by the Court. Sears or its directors' and officers' insurers will pay such award, as is approved by the Court, up to, but not exceeding $175,000, to Plaintiff's Counsel, in accordance with instructions from Plaintiff's Counsel, within fourteen (14) days of the Effective Date. Neither Sears nor its directors' and officers' insurance carriers shall have any obligation with respect to attorney's fees and/or expenses unless expressly provided for in this paragraph 5.1, subject to the provisions of paragraph 2.3.

5.2     The Settling Defendants, Sears, and their directors' and officers' insurers shall have no obligations or liability with respect to the apportionment or distribution of any attorneys' fees or expenses awarded by the Court.

5.3     No order of the Court, or modification or reversal on appeal of any order of the Court, concerning the amount or allocation of attorneys' fees or expenses referenced in paragraph 5.1 shall constitute grounds for cancellation or termination of this Second Amended Stipulation or prevent the Judgment from becoming Final.

5.4     Except as otherwise expressly provided in paragraphs 3.1 and 5.1, the Settling Parties shall bear their own attorneys' fees and costs incurred in connection with the Action, including the Settlement.

## 6. CONDITIONS OF SETTLEMENT; EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION

6.1     The Settling Defendants and the Plaintiff, each in his, her or its sole discretion, shall each have the right to terminate the Settlement and this Second Amended Stipulation by providing written notice of his or her election to do so (i) if the Court refuses to approve the Second Amended Stipulation or enter the Proposed Order and Final Judgment within one-hundred twenty (120) days of the filing of a motion for such approval, or (ii) within thirty (30) days of: (a) the Court declining to enter in any material respect the Proposed Order and Final Judgment attached hereto as Exhibit A; (b) the date upon which the Order and Final Judgment is modified or reversed in any material respect on appeal or by writ, except that an award of attorneys' fees and expenses that is less than the amount requested by Plaintiff shall not be grounds for termination or cancellation of the Settlement; (c) the Court ordering that notice of the Settlement or any other matter in this Action be given to the Company's shareholders; or (d) the Court awarding attorneys' fees and expenses in excess of $175,000 in the aggregate to Plaintiff's Counsel and/or any other person. Item (ii)(d), above, shall not be grounds for termination by any of the Settling Defendants if Plaintiff's Counsel, and any and all other Persons receiving attorneys' fees and expenses, agree to accept $175,000 for their attorneys' fees and expenses, and to sign a release and waiver disclaiming and relinquishing any claim for any larger amount awarded by the Court.

6.2     In the event that the Settlement is not approved by the Court, or is terminated for any reason, the parties thereto shall be restored to their respective positions in the Action as of the date of the non-approval or termination of the Settlement, and all negotiations, proceedings, documents prepared, and statements made in connection with the

Settlement shall be without prejudice to the Settling Parties, shall not be deemed or construed to be an admission by any Settling Party of any act, matter or proposition, and shall not be used in any manner or be admissible for any purpose in this Action or in any other action or proceeding.

6.3    In the event that the Settlement is not approved by the Court, or is terminated for any reason, the terms and provisions of this Second Amended Stipulation shall have no further force and effect with respect to the Settling Parties, and shall not be used or admitted in this Action, or in any other action or proceeding for any purpose.

7.    **MISCELLANEOUS PROVISIONS**

7.1    The Settling Parties:  (a) acknowledge that it is their intent to consummate the terms and conditions of this Second Amended Stipulation; (b) acknowledge that this Second Amended Stipulation, including the agreement to pay attorneys' fees and expenses not to exceed $175,000 in the aggregate, subject to Court approval, has been made with the authority of the Sears Board; and (c) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Second Amended Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Second Amended Stipulation.

7.2    The Settling Parties intend this Settlement to be a final and complete resolution of all disputes among themselves with respect to the Released Claims.  The Settlement compromises claims that are contested and shall not be deemed an admission by any Settling Party as to the merits of any claim, demand, or defense.  The Settling Parties agree that the terms of this Settlement, including the amount of attorneys' fees and expenses, were negotiated at arm's length and in good faith by the Settling Parties and

reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

7.3     This Second Amended Stipulation and its exhibit constitute the entire agreement among the Settling Parties concerning the Settlement of the Released Claims, and no representations, warranties, or inducements have been made by any party hereto concerning this Second Amended Stipulation and its exhibit other than those contained and memorialized in such documents.

7.4     Exhibit A to this Second Amended Stipulation is a material and integral part hereof and is fully incorporated herein by this reference.

7.5     All the agreements made and orders entered in the Action concerning the confidentiality of documents and information shall survive this Second Amended Stipulation and Settlement. Within ten (10) business days after payment of any attorneys' fees and expenses awarded by the Court pursuant to this Second Amended Stipulation, Plaintiff's Counsel shall return to Counsel for the Settling Defendants all confidential material produced or otherwise transmitted to them.

7.6     Any written or oral public statement regarding the Settlement contained herein shall be limited to the terms set forth in this Second Amended Stipulation and to statements that the Released Claims were resolved to the mutual satisfaction of the Settling Parties. None of the Settling Parties shall make any public statement regarding the terms of this Second Amended Stipulation or the Settlement contained herein that is critical of or disparages the Settlement or the conduct of the Settling Parties.

7.7     This Second Amended Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

7.8     This Second Amended Stipulation may be executed in one or more counterparts, including by facsimile and/or electronically scanned counterparts. All executed counterparts, including facsimile and/or electronically scanned counterparts, shall be deemed to be one and the same instrument.

7.9     This Second Amended Stipulation shall be binding upon, and inure to the benefit of, the Settling Parties and their respective successors, assigns, beneficiaries, heirs, spouses, marital communities, executors, administrators, and legal representatives.

7.10    This Second Amended Stipulation shall not be construed more strictly against one Settling Party over another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Settling Parties, it being recognized that this Second Amended Stipulation is the result of arm's length negotiations between the Settling Parties and all Settling Parties have contributed substantially and materially to the preparation of this Second Amended Stipulation.

7.11    The Settling Parties and their counsel agree to cooperate fully with one another in seeking approval by the Court of the Second Amended Stipulation, and entry of the Judgment, and to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement by the Court.

7.12    All Persons executing this Second Amended Stipulation and the exhibit hereto, or any related settlement documents, warrant and represent that they have the full

authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Second Amended Stipulation to effectuate its terms.

7.13    The waiver by any party of any breach of this Second Amended Stipulation shall not be deemed or construed as a waiver of any other breach, whether prior or subsequent to, or contemporaneous with, the execution of this Second Amended Stipulation.

7.14    Without affecting the finality of the Judgment entered in accordance with this Second Amended Stipulation, the Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of this Second Amended Stipulation, and the Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement embodied in this Second Amended Stipulation.

7.15    The rights and obligations of the Settling Parties to this Second Amended Stipulation shall be construed and enforced in accordance with, and governed by, the internal, substantive laws of the State of Illinois without giving effect to any state's choice-of-law principles.

7.16    Any notice required by this Second Amended Stipulation shall be submitted in writing and delivered either by overnight mail, electronic mail, facsimile or in person as follows:

If to counsel for the Settling Plaintiff:

> Kenneth J. Vianale, Esq.
> VIANALE & VIANALE LLP
> 2499 Glades Road, Suite 112
> Boca Raton, FL  33431
> Tel: (561) 392-4750

Fax: (561) 392-4775

If to counsel for the Settling Defendants:

Paul Vizcarrondo, Esq.
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000

Christopher Q. King, Esq.
SNR Denton US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404
Tel: (312) 876-8000
Fax: (312) 876-7934

Dane Drobny, Esq.
Sears Holdings Corp.
3333 Beverly Road
Hoffman Estates, IL 60179
Tel: (847) 286-2500
Fax: (847) 286-2471

IN WITNESS WHEREOF, the parties hereto have caused this Second Amended

Stipulation to be executed, by their duly authorized attorneys.

Dated: May 16, 2012

*s/Kenneth J. Vianale*
Kenneth J. Vianale
VIANALE & VIANALE LLP
2499 Glades Road, Suite 112
Boca Raton, FL 33431
Tel: (561) 392-4750
Fax: (561) 392-4775

*s/Ronen Sarraf*
Ronen Sarraf
Joseph Gentile
SARRAF GENTILE LLP
450 Seventh Avenue, Suite 1900
New York, NY 10123

Tel: (212) 868-3610
Fax: (212) 918-7967

*Lead Counsel for Plaintiff*


s/Matthew T. Hurst
Matthew T. Hurst
SUSMAN HEFFNER & HURST LLP
20 South Clark Street, Suite 600
Chicago, IL 60603
Tel: (312) 346-3466
Fax: (312) 346-2829

*Liaison Counsel for Plaintiff*


s/Paul Vizcarrondo
Paul Vizcarrondo
WACHTELL, LIPTON, ROSEN & KATZ
51 West 52nd Street
New York, NY 10019-6150
Tel: (212) 403-1000
Fax: (212) 403-2000


s/Christopher Q. King
Christopher Q. King
Ramji Kaul
SNR Denton US LLP
233 South Wacker Drive
Suite 7800
Chicago, IL 60606-6404
Tel: (312) 876-8000
Fax: (312) 876-7934

*Attorneys for the Individual Defendants*


s/Kristen E. Hudson
Paula E. Litt

Kristen E. Hudson
SCHOPF & WEISS LLP
One South Wacker Drive
28th Floor
Chicago, IL  60606-4617
Tel:  (312) 701-9300
Fax:  (312) 701-9335

*Attorneys for Sears Holdings Corporation.*

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| ROBERT F. BOOTH TRUST and RONALD GROSS, derivatively on behalf of nominal defendant SEARS HOLDINGS CORPORATION, | ) ) ) ) ) | No. 1:09-cv-05314 |
| Plaintiff, | ) ) | Hon. Ronald A. Guzmán |
| v. | ) ) |  |
| WILLIAM C. CROWLEY, EDWARD S. LAMPERT, STEVEN T. MNUCHIN, RICHARD C. PERRY, ANN N. REESE, KEVIN B. ROLLINS, EMILY SCOTT and THOMAS J. TISCH, | ) ) ) ) ) ) |  |
| Defendants, | ) ) |  |
| and | ) ) |  |
| SEARS HOLDINGS CORPORATION, | ) ) |  |
| Nominal Defendant. | ) ) |  |

## ORDER AND FINAL JUDGMENT

The above-captioned matter, came before the Court on July 9, 2010 for hearing to consider and determine the matters set forth in the Preliminary Approval Order. The hearing was continued to September 10, 2010, at 9:30 a.m. Due and sufficient notice was given in accordance with the provisions of the Preliminary Approval Order and the Court's July 9, 2010 Order. All Persons having any objection to the then proposed settlement of this action embodied in the Amended Stipulation of Settlement, dated April 28, 2010 and amended September 24, 2010, or the original request for attorneys' fees and reimbursement of expenses in this action were given an opportunity to present such objections to the Court. The parties have

submitted a Second Amended Stipulation of Settlement (the "Second Amended Stipulation"), dated May 16, 2012 which revised the terms of the settlement to conform with the Court's January 27, 2012 Order (as revised, the "Settlement"). The Court having now heard and considered the matter, including all of the foregoing and all papers filed in connection therewith, and the oral presentations of counsel and any objections previously raised to the Amended Stipulation of Settlement, and good cause appearing therefor;

THE COURT HEREBY FINDS, DETERMINES AND ORDERS AS FOLLOWS:

1.     Unless otherwise defined below, all terms that are capitalized herein shall have the same definitions as used in the Second Amended Stipulation, entered into as of May 16, 2012. For clarity, the following definitions from the Second Amended Stipulation are repeated below:

a.     "Released Claims" means the claims asserted or encompassed in the Amended Complaint or any predecessor action (including Unknown Claims), whether brought by the Plaintiff individually, or by any of the other Releasing Parties to the extent brought derivatively on behalf of Sears (or by Sears directly). By operation of the Judgment, the Releasing Parties shall have waived any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law, which is similar, comparable, or equivalent to California Civil Code § 1542.

b.     "Releasing Parties" means the Plaintiff (individually, and derivatively on behalf of Sears), Sears, to the extent a derivative claim was properly brought, and the Sears shareholders and any of their heirs, executors, administrators, predecessors, successors, and assigns, and all Persons acting in concert with any of the aforementioned persons and entities.

c.    "Released Parties" means all Settling Defendants, including Sears, to the extent that it may be subject to a direct claim, and each and all members of their families, parent entities, affiliates, or subsidiaries, and each and all of their respective past, present, or future officers, directors, employees, attorneys, accountants, auditors, heirs, executors, personal representatives, estates, administrators, predecessors, successors, and assigns.

d.    "Settling Defendants" means, collectively, nominal defendant Sears and the Individual Defendants.

e.    "Individual Defendants" means defendants William C. Crowley, Edward S. Lampert, Steven T. Mnuchin, Richard C. Perry, Ann N. Reese, Kevin B. Rollins, Emily Scott, and Thomas J. Tisch.

f.    "Unknown Claims" means any Released Claims that the Plaintiff (individually, and derivatively on behalf of Sears), Sears, or any past or present Sears shareholder does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Parties that, if known by him, her, or it might have affected his, her, or its settlement with, and release of, the Released Parties, or might have affected his, her, or its decision not to object to this Settlement, including claims based on the discovery of facts in addition to or different from those which he, she, or it now knows or believes to be true with respect to the Released Claims. The Settling Parties further agree that the Released Claims constitute an express waiver of all rights and protections to the fullest extent permitted by California Civil Code § 1542 and all similar federal, state, or foreign laws, rights, rules, or legal principles. Section 1542 states:

> **A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.**

The Plaintiff, Sears, and past and present Sears shareholders shall be deemed by operation of the Judgment to have acknowledged that the release of Unknown Claims was separately bargained for and is a key element of the Settlement.

2.      This Court has jurisdiction over the subject matter of this action and the Settling Parties.

3.      Based upon the evidence submitted by Counsel, this Court finds that the form and the method of dissemination of both the Notice of Settlement and the Summary Notice (collectively, the "Notice"), as previously preliminarily approved by the Court, complied with the requirements of Federal Rule of Civil Procedure 23.1 and satisfied the requirements of due process, and constituted due and sufficient notice of the matters set forth therein. A full opportunity has been offered to Sears Shareholders to object to the proposed settlement and to be heard.

4.      The proposed Settlement of this action is found to be fair, reasonable, proper and in the best interests of Sears and Sears shareholders. In making this determination, the Court has considered the substantial benefits the Settlement provides Sears, taking into account among other factors the risks of establishing liability and obtaining relief exceeding that obtained through the Settlement, and the complexity, expense and likely duration of the litigation, and the stage of the proceedings.

5.      The Court finds, for settlement purposes, that (1) the action was properly brought as a shareholder derivative suit pursuant to Federal Rule of Civil Procedure 23.1; and (2) the Plaintiff adequately represents the interests of Sears Shareholders in enforcing the rights of Sears.

6.     The Second Amended Stipulation and the terms of the proposed Settlement of this action set forth therein are, in all respects, approved. The Settling Parties are directed to consummate the Settlement in accordance with the terms and provisions of the Second Amended Stipulation.

7.     Upon the Effective Date, each of the Releasing Parties, on behalf of him/her/itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, attorneys, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall: (i) have, fully, finally and forever released, relinquished and discharged all Released Claims as against all the Released Parties; and (ii) be forever barred and enjoined from commencing, instituting, prosecuting, continuing, or in any way participating in the commencement or prosecution of any action asserting any of the Released Claims against any of the Released Parties.

8.     Subject to the provisions herein, this Court hereby dismisses the Amended Complaint and the claims alleged therein with prejudice and in their entirety, on the merits, as against all Settling Defendants, with each Settling Party to bear its own costs, except as set forth in Paragraph 11 below.

9.     Upon the Effective Date, each of the Settling Defendants, on behalf of him/her/itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Plaintiff from all claims or demands relating to or

arising out of, or connected with the institution, prosecution, assertion, settlement, or resolution of this action and/or the claims alleged therein.

10. Upon the Effective Date, each of the Individual Defendants, on behalf of him/herself and/or itself and each of his/her/its predecessors, successors, parents, subsidiaries, affiliates, custodians, agents, assigns, representatives, heirs, estates, executors, trusts, trustees, trust beneficiaries, administrators, spouses, marital communities, and immediate family members, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged Plaintiff's Counsel from all claims or demands relating to or arising out of, or connected with, the institution, prosecution, assertion, settlement, or resolution of this Action and/or the claims alleged therein.

11. Plaintiff's Counsel in the action are hereby awarded attorneys' fees and expenses of $ _____. This Court finds that this amount is fair and reasonable under the facts and circumstances of this case. Payment of such award of attorneys' fees and reimbursement of expenses (including case contribution awards of up to $750 for the Plaintiff) shall be made in accordance with the provisions of the Second Amended Stipulation.

12. Without in any way affecting the finality of this Order and Final Judgment, this Court shall retain jurisdiction with respect to the implementation and enforcement of the terms of the Second Amended Stipulation, and the Settling Parties hereto submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

13. Neither the Settlement, nor this Order and Final Judgment, nor the Second Amended Stipulation, nor its Exhibit, nor any other papers relating to the Settlement, nor any negotiations, discussions or proceedings in connection herewith shall be: (a) offered or received against any of the Settling Defendants as evidence of, or construed as, or deemed to be, evidence

of any presumption, concession, or admission by any of the Settling Defendants of the truth of any fact alleged by the Plaintiff or the validity of any claim that has been or could have been asserted in the Amended Complaint or in any other proceeding, or the deficiency of any defense that could have been asserted in response to the Amended Complaint or in any other proceeding, or of any alleged liability, negligence, fault, or wrongdoing of the Settling Defendants; (b) offered or received against any of the Settling Defendants as evidence of a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Settling Defendants, or against the Plaintiff as evidence of any infirmity in the claims of the Plaintiff; (c) offered or received against any of the Settling Defendants as evidence of a presumption, concession, or admission of any alleged liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Settling Parties, in any other civil, criminal or administrative action, arbitration, or other proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Second Amended Stipulation; provided, however, that the Settling Defendants may refer to it to effectuate the releases and the liability protection granted them hereunder; (d) construed against any of the Settling Defendants or the Plaintiff as an admission or concession that the consideration to be given hereunder represents what could be or would have been achieved after trial; and (e) construed as or received in evidence as an admission, concession or presumption against the Plaintiff or his counselors that any of the claims asserted in the Amended Complaint are without merit.

      14.    This Settlement shall be a final and complete resolution of all disputes among the Settling Parties with respect to the Released Claims. No Settling Party may assert in any forum that the Released Claims were brought, commenced or prosecuted by Plaintiff or his

counsel or defended by the Settling Defendants or their counsel in bad faith or that the Released

Claims were not filed or raised in good faith or were not settled voluntarily after negotiating at

arm's-length and in good faith after consultation with competent legal counsel. No claims of any

violation of Rule 11 of the Federal Rules of Civil Procedure relating to the prosecution, defense,

or settlement of the Released Claims may be brought by any Settling Party.

15.     The provisions of this Order and Final Judgment constitute a full and

complete adjudication of the matters considered and adjudged herein and this action shall be

dismissed with prejudice. The Clerk is hereby directed to enter judgment in accordance with this

Order and Final Judgment as a final judgment with respect to all matters ordered, judged and

decreed. Without further order of the Court, the Settling Parties may agree to reasonable

extensions of time to carry out any of the provisions of the Second Amended Stipulation.

16.     The Court finds that during the course of the Litigation, the Settling

Parties and their respective counsel at all times complied with the requirements of Federal Rule

of Civil Procedure 11.

17.     Entry of the Order and Final Judgment settles and disposes of and

discharges all of the Released Claims.

Dated this ____ day of _____, 2012

IT IS SO ORDERED.

_____
United States District Judge